393 So.2d 696 (1981)
Odeal Martin BANKS
v.
ADMINISTRATOR OF the DEPARTMENT OF EMPLOYMENT SECURITY OF the STATE OF LOUISIANA and Winnsboro Manor Nursing Home.
No. 80-C-1588.
Supreme Court of Louisiana.
January 26, 1981.
*697 Randy Hillhouse, North La. Legal Assistance Corp., Winnsboro, for plaintiff-applicant.
James A. McGraw, Willie D. Maynor, Baton Rouge, for defendant-respondent.
WATSON, Justice.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. LSA-R.S. 23:1634.

FACTS
Plaintiff, Odeal Martin Banks, was employed by the defendant Winnsboro Manor Nursing Home as a cook for four and onehalf years. She was fired on December 20, 1978. The Louisiana Department of Employment Security denied unemployment compensation on the ground that Ms. Banks had failed to report for work without notifying her employer. The appeals referee upheld the disqualification stating that Ms. Banks had been "... absent without permission or being properly excused after being warned and counseled." (Tr. 11) The board of review and the trial court affirmed. In reasons for judgment, the trial court stated that: "Claimant's termination was for absenteeism without notification...." (Tr. 43). A divided panel of the Court of Appeal also affirmed. Banks v. *698 Administrator of Dept. of Employment, 384 So.2d 485 (La.App. 2 Cir. 1980). The majority opinion states that there was sufficient evidence to support the finding of unexcused absenteeism; that claimant was given proper notice of the issue, received due process, and a fair hearing. A dissent states that: "The findings of the appeals referee went beyond the grounds for the agency determination of which claimant had fair notice and from which she appealed." 384 So.2d 489. A writ of certiorari was granted to review the judgment of the Court of Appeal.
Odeal Banks worked from 11:00 A.M. until 7:00 P.M. Monday through Friday. Her immediate supervisor was Letha Jemerson, the food service supervisor. Ms. Banks worked on Friday, December 15, but received a message on Sunday, December 17, that her sister in Lake Charles was seriously ill. Being nervous and upset about her sister's illness, Ms. Banks had her niece, Patricia Hitt, call Ms. Jemerson to report that she would not be at work the next day because she had to go to Lake Charles. On Wednesday morning, December 20, Ms. Banks called Letha Jemerson to advise that she was returning to work but was told that she on longer had a job.
The administrator of the nursing home, J. D. Sikes, testified that Ms. Banks was fired for excessive absenteeism. The payroll records showed four unauthorized days in July, three unauthorized days in August, two unauthorized days in September, four unauthorized days in October, and two unauthorized days in December. Someone always notified the nursing home when Ms. Banks would not be there. However, she was advised that she had been discharged for "... failure to work on days scheduled without calling in." (Tr. 8) Ms. Banks said she only missed work when she or members of her family were ill. She made up some of the days she missed and arranged for a relief worker on other occasions. The record is not clear as to the circumstances in which an absence would be excused.
A written report by Sikes states:
"Employee failed to work days scheduled. On many occasions the Food Service Supervisor spoke to her concerning this matter: ...". (Tr. 18)
However, neither Sikes nor Ms. Jemerson testified to that effect at the hearing. There was no competent evidence that Ms. Banks had been warned or counseled about her absences or told that she would be discharged if they continued.
The policy of the nursing home is as follows:
"Inability to meet the schedule must be reported to the Administrator or the Director of Nurses, given at least 24 hours notice in advance of the shift affected. Failure to do so is grounds for dismissal." (Tr. 32)
Sikes said that Ms. Banks' absences were improperly reported because she did not call personally. However, the posted rule does not specify that the report must be made by the employee. It was admitted that Letha Jemerson was the proper person for Ms. Banks to notify.

ISSUES
The first issue is procedural: whether plaintiff had proper notice of the reason for her disqualification, LSA-R.S. 23:1625; and a fair hearing, LSA-R.S. 23:1629. The second issue is whether the determination that plaintiff was discharged for misconduct connected with her employment is a reasonable finding from the evidence presented. LSA-R.S. 23:1601; 23:1634.

CONCLUSION
Ms. Banks was discharged for excessive absenteeism rather than unreported absences. However, she was incorrectly advised that the reason for her dismissal was failure to report her absences. Ms. Banks was entitled to be told the ground for her disqualification prior to the hearing. LSA-R.S. 23:1625; Goff v. Administrator of Division of Employment Security, 157 So.2d 268 (La.App. 3 Cir. 1963); King v. Brown, 115 So.2d 405 (La.App. 2 Cir. 1959). Ms. Banks took her niece to the hearing to verify that she had given notice when she was going to *699 be absent. She might have produced evidence that her absences were justified if she had known that absenteeism rather than absenteeism without notice was the basis for her disqualification. She did not have a fair hearing without proper notice of the reason for her disqualification. LSA-R.S. 23:1629; King v. Brown, supra. However, since the evidence does not show disqualifying misconduct, a new hearing for Ms. Banks is unnecessary.
LSA-R.S. 23:1601 provides that:
"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment ...".
The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. The issue is primarily a factual one to be determined by the administrator and the board of review. LSA-R.S. 23:1634. However, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Evans v. State Department of Employment Security, 292 So.2d 265 (La.App. 2 Cir. 1974); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2 Cir. 1979). Moreover, if the determination made does not meet "a threshold test of reasonableness", it is erroneous as a matter of law. 35 La.Law Rev. 349 at 369.[1] See Simmons v. Gerace, 377 So.2d 407 (La.App. 2 Cir. 1979); Brown v. Lockwood, 380 So.2d 685 (La.App. 4 Cir. 1980); Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir. 1961); Boudreaux v. Louisiana Board of Review, 374 So.2d 1182 (La., 1979).
The word "misconduct" in LSA-R.S. 23:1601 is used to connote intentional wrongdoing. King v. Brown, supra; Turner v. Brown, supra. Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct. An intent to do wrong must be present. Here, there is no legal evidence that Ms. Banks had been told her method of reporting absences was faulty or that repetition would result in her discharge. Thus, the element of intentional wrongdoing is absent. The evidence does not support a finding that Ms. Banks willfully disregarded her employer's rules.
White v. Gerace, 372 So.2d 756 (La.App. 4 Cir. 1979) held that an employee was disqualified for benefits because of unexcused absenteeism. However, the claimant there failed "... to call in or otherwise notify his employer ..." 372 So.2d 757. That is not the case here. It is undisputed that Ms. Banks' absences were always reported. Her testimony that they were all occasioned by illness was uncontradicted. The frequency of these occurrences placed a burden on her employer, and she was appropriately discharged. However, there is no legal evidence that she had been warned or counseled about absenteeism. Compare Goff, supra, where the employee had been warned about his unexplained absences. When, as here, no deliberate violation of the employer's standards is proven, an administrative determination of disqualifying misconduct is unreasonable. There is no evidence of wrongful intent on the part of Ms. Banks, and she was not guilty of misconduct within the meaning of LSA-R.S. 23:1601.
For the reasons assigned, the judgment of the court of appeal is reversed, and the matter is remanded to the board of review for it to enter an order in compliance with this opinion. LSA-R.S. 23:1634.
REVERSED AND REMANDED.
DIXON, C. J., concurs.
NOTES
[1] Faculty Symposium Comment on "Administrative Regulation: Law and Procedure" by Paul R. Baier, Assistant Professor of Law, Louisiana State University.