427 So.2d 539 (1983)
LOUISIANA OFFICE OF FAMILY SERVICES, Plaintiff-Appellant,
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY and Beulah Pepper, Defendants-Appellees.
No. 82-524.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
James D. Caldwell, Jonesboro, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendants-appellees.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
The appellant is the Louisiana Office of Family Services, a governmental agency of the State of Louisiana. The appellee is the Office of Employment Security, another governmental agency of the State of Louisiana. The appeal is from the decision of the administrative tribunal (Board of Review) of the Office of Employment Security concerning the eligibility for unemployment compensation benefits of Beulah Pepper, formerly an employee of the Office of Family Services of New Iberia.
The employer contends that Beulah Pepper was discharged for misconduct connected with her employment and that she should be declared disqualified for benefits. The Board of Review found that Beulah Pepper was discharged because of substandard work performance, a cause which does not disqualify for benefits. That is the dispute.
Beulah Pepper was employed as a Dictating Machine Operator I with Family Services from December 7, 1979, to May 13, 1981. Beginning about August 1980 Mrs. Pepper's supervisors became concerned with *540 her frequent telephone conversations over personal matters as a misuse of agency time. The personal calls on agency time grew in frequency and duration. Additionally, Mrs. Pepper began to besiege her fellow employees with conversations about her personal problems. She also began to exhibit a proneness for typing errors. Her supervisors talked to her about these problems. Despite this, the quantity and quality of her work continued to deteriorate.
On December 9, 1980, Mrs. Pepper came to work a few minutes late. Her supervisor confronted her. Voices were raised. A few minutes later when Mrs. Pepper was seated at her desk and her supervisor passed by, Mrs. Pepper administered to her an audible slap on the body. Mrs. Pepper's testimony was that this was done to convey a "naughty little girl" message to her superior.
For this incident Mrs. Pepper was suspended for three days. While she was gone the decision was made to discharge her. When she returned on December 12 from suspension, she was assigned to a different section pending the preparation of the letter of discharge. Five months passed before she was actually discharged, the letter of dismissal being dated May 13, 1981, effective immediately. This five month period was marked by no eventful incident.
The employer's notice of employment termination stated that the decision to discharge Mrs. Pepper was premised on substandard work performance in the areas of quantity and quality.
There is no substantial dispute as to these facts.
The sole issue on appeal is whether on these facts Mrs. Pepper was guilty of disqualifying "misconduct" within the meaning of R.S. 23:1601(2).
The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. The issue is primarily a factual one to be determined by the administrator and the board of review. Banks v. Administrator, Department of Employment Security, 393 So.2d 696 (La.1981). "The word `misconduct' in LSA-R.S. 23:1601 is used to connote intentional wrongdoing." Id., at 699. It has also been defined to mean
"... an act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."
Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir.1973); Dorsey v. Administrator, La. Dept. of Employment Security, 353 So.2d 363 (La.App. 1st Cir.1977), writ denied 355 So.2d 549 (La.1978).
The administrative determination in this case was that Mrs. Pepper was fired because of substandard work performance and not because of any intentional wrongdoing. This is amply supported in the record, as highlighted by the following exchange between the referee and Ms. Pepper's supervisor:
"REFEREE: Now why was she terminated from this employment?
"McDONALD: Becausebasically because her personal problems interfered with her job performance to such an extent that her work became substandard in the areas of quality and quantity."
We conclude, as did the Board of Review and the trial court, that claimant was not discharged because of misconduct. She was discharged because of substandard work performance. Although the slapping incident might have furnished a basis for discharge for misconduct, the discharge was not done for that reason. She was not terminated following the slapping incident, but only suspended for three days. Thereafter she worked for five months without incident. Substandard work performance on the facts of this case is not a disqualifying cause. It furnishes a basis for discharge, but the discharge under those circumstances *541 does not result in disqualification for benefits. See Banks v. Administrator of Department of Employment Security, 393 So.2d 696 (La.1981).
The judgment of the trial court is affirmed.