488 So.2d 1282 (1986)
Alvin THOMAS
v.
C.J. BLACHE, Administrator of the Louisiana Office of Employment Security, et al.
No. CA 4606.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Avis Topps, New Orleans Legal Assistance Corp., New Orleans, for plaintiff-appellant.
Herman Robinson, James A. McGraw, Denise A. Nagel, Frank T. Scott, J., Dept. of Labor, Baton Rouge, for defendants-appellees.
Before SCHOTT and BYRNES, JJ., and HUFFT, J. Pro Tem.
*1283 PRESTON H. HUFFT, Judge Pro Tem.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. LSA-R.S. 23:1634.

FACTS
Plaintiff, Alvin Thomas, was employed by Borden Milk Company as a full time milk shipping worker from August, 1978, until July, 1983. On July 25, 1983, he was discharged from his employment and subsequently filed a claim for unemployment benefits. The Agency found that Thomas had not been discharged for misconduct connected with his employment and no disqualification was assessed. The employer appealed and the Appeals Referee reversed the Agency's determination, disqualifying Thomas because he was discharged for misconduct connected with his employment. The Board of Review and the trial court affirmed the Appeals Referee without written reasons. In his Answer, the defendant administrator joined in Thomas' demand that the decision of the Board of Review be reversed.
The employer alleges that Thomas was discharged for failure to perform his job as instructed, as well as absence during working hours. At the Unemployment Appeals Hearing before the Appeals Referee, the employer presented three exhibits, two of which were letters to Thomas and the third of which was correspondence relative to Thomas' termination. The first letter, dated June 10, 1982, was a brief warning letter to Thomas about leaving the vault when he was not on break. The second letter, dated April 21, 1983, was in reference to a meeting between Thomas and others, pertaining to Thomas' "negligence in performing (his) assigned duties." The third exhibit was correspondence dated July 26, 1983, which stated that Thomas had been discharged on July 25, 1983, "[b]ecause of his continued inability to perform his work...". During the hearing, the employer cited instances in which mistakes were made by Thomas regarding the milk that was being sent out of the cooler. The employer also testified that Thomas' co-workers complained about Thomas' work.

ISSUE
The sole issue posed by this appeal is whether the record shows that the employer discharged its burden of proving Thomas' disqualifying conduct by a preponderance of the evidence.

CONCLUSION
LSA-R.S. 23:1601 provides that:
An individual shall be disqualified for benefits:
... (2) If the administrator finds that he has been discharged for misconduct connected with his employment ...
The employer bears the burden of proving, by a preponderance of the legal and competent evidence, that an employee was discharged for disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Ealy v. Sumrall, 401 So.2d 520 (La.App. 2nd Cir. 1981). "Misconduct" under LSA-R.S. 23:1601, has been jurisprudentially defined as:
"an act of wanton or willful disregard of employer's interest, deliberate violation of the employer's rules, or disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Payne v. Antoine's Restaurant, 217 So.2d 514, 517 (La.App. 4th Cir.1969).
The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Banks, supra. Unsatisfactory work, without the intent to do wrong, is not "misconduct" under LSA-R.S. 23:1601. Id.
The record in the instant case does not contain proof that Thomas was guilty *1284 of any intentional misconduct. Although Thomas admits to having made mistakes on the job, there was no proof that Thomas' mistakes were willful or deliberate. Because there is no evidence of wrongful intent on the part of Thomas, he was not guilty of disqualifying misconduct under LSA-R.S. 23:1601. There is no evidence whatsoever to support the finding by the Appeals Referee that Thomas could do the work but would not.
For the reasons assigned, the judgment of the trial court is reversed, and the matter is remanded to the Board of Review for it to enter an order in compliance with this opinion. LSA-R.S. 23:1634.
REVERSED AND REMANDED.