WILLIAM A. CULPEPPER, Judge, Pro Tern.
The claimant, Loretta A. Gallien, filed this suit for judicial review of a decision of the Board of Review, Office of Employment Security, finding claimant disqualified for unemployment compensation benefits *71 because she was discharged for misconduct connected with her employment. The district court affirmed the decision of the Board of Review. Claimant appealed. Defendant, Administrator of the Office of Employment Security, Department of Labor, joined claimant in her contention that the judgment of the trial court should be reversed.
FACTS
Claimant was employed as Senior Booking Coordinator for Crowley Maritime Corporation. On November 14, 1984, she was given a written reprimand for misconduct involving five separate incidents. She was terminated on December 27,1984 for insubordination on the previous day. After the hearing before the appeals referee on February 20, 1985, the referee found the following facts and rendered the following opinion which were affirmed by the Board of Review:
“FINDINGS OF FACT
The claimant worked for the named employer about six years to December 27, 1984, as a Senior Booking Coordinator. She was paid $1,750.00 per month to take customer calls, assist in the arrangement of shipments of cargo. She also traced late shipments from the customers in an attempt to determine when they would be available for shipment. She took log information regarding this cargo, its location, and to insure that it was loaded onto the barges for shipment. The claimant worked as Supervisor of the Booking Department for a period of about one year to September 1984, and supervised one employee. At about that time, the employer acquired another shipping concern and expanded operations. At that time the claimant was advised that a new person, Ms. Diane Coglia-nese, would be placed as Supervisor of the department because the employer felt she had better leadership qualities and was a better customer relations person. The claimant was moved to the position of Senior Booking Coordinator with no reduction in salary. Because the new Supervisor was not familiar with all phases of the operation, the claimant was expected to train her in the position. About October 1, 1984, a new person was hired in the department, and because the Supervisor was not thoroughly familiar with all areas of the operation, the claimant was asked to train this person. She did not feel it was her job duty to perform the training as she had always been advised that it was the Supervisor’s responsibility to see that the person was trained. Although she expressed some dissatisfaction, she did train this other employee. The claimant did not feel that this other employee progressed at a satisfactory rate, therefore, she advised the Supervisor about November 30, 1984, that this person was not showing the proper capabilities after the extensive amount of training. The claimant felt that the Supervisor was holding her accountable for providing sufficient competent training for this individual. She again expressed dissatisfaction with having to train this other person. The claimant indicated a refusal to continue to train this employee. She was given written warning regarding insubordination. One of the claimant’s regular job duties involved tracing cargo that had not arrived to determine if it would be available for shipment by barge on the Friday. This process normally began on Tuesday and was completed by Thursday. The claimant returned from vacation and holiday on Wednesday, December 26,1984, and was asked to rush the tracing phase of the job as they were already one day behind because of the holiday. During that time a customer called regarding booking shipment. The claimant noted at that time that her supply of rough draft forms for writing up shipments was low. This was a form that employees normally photocopied for themselves. The claimant finished taking the order, and went to the copy room to make sufficient copies for herself. The Supervisor came into the copy room at that time and asked the claimant to make extra copies for other personnel at that same time. The claimant refused saying she was busy performing other work. She then left the copy room so that the Supervisor made copies for the other personnel. The Supervisor later advised the claimant that in *72 structions given to her should be followed to the best of her ability. Because the Supervisor did not have hiring or firing authority without the approval of the Manager, she was advised on the following evening that she had been terminated due to being insubordinate to her Supervisor on December 26, 1984.
OPINION
R.S. 23:1601(2) provides that an individual shall be disqualified for benefits if the Administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Such disqualification shall continue until such time as the claimant can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance laws of any other state or the United States, equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4).
Testimony and evidence as presented in this case show that the claimant was discharged from work when the employer felt she was insubordinate to her Supervisor. Although the claimant may have indicated that she did not feel she was insubordinate, she had been warned about insubordination to her Supervisor. She was given a direct instruction by the Supervisor to copy the forms. She refused to follow this instruction. She was insubordinate. It does not seem unreasonable for an employee to have performed this function on the instruction of her Supervisor. It would not seem unreasonable to ask the claimant to set the copy machine for a higher number of copies. Her actions were misconduct connected with the work. She should be disqualified.”
LSA-R.S. 23:1634 provides in pertinent part that, on judicial review of these cases,
“the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
Judicial review of the findings of the Board of Review is limited to first, a determination of whether the facts are supported by competent evidence, and second, whether the facts, as a matter of law, justify the action taken. Black v. Sumrall, 413 So.2d 252 (La.App. 4 Cir.1982).
The basic issue presented is whether claimant’s actions constituted misconduct within the meaning of LSA-R.S. 23:1601 sufficient to disqualify her from receiving unemployment compensation benefits.
Misconduct has been defined as an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of the standards of behavior which the employer has a right to expect of the employee, or negligence to such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Ward v. Office of Employment Sec., 493 So.2d 777 (La.App. 2 Cir.1986), writ den., 496 So.2d 353 (La.1986).
The employer has the burden of proving misconduct by a preponderance of the evidence. The issue is primarily a factual one to be determined by the administrator and by the Board of Review. However, the factual findings must be supported by legal and competent evidence. If the determination does not meet a threshold test of reasonableness, it is erroneous as a matter of law. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Ward, supra.
Insubordination towards the employer amounts to misconduct sufficient to disqualify the claimant from receiving un *73 employment benefits. Honea v. Blache, 469 So.2d 464 (La.App. 3 Cir.1985). An employee’s failure to follow a direct order of his supervisor can constitute misconduct which would disqualify a claimant from receiving unemployment compensation benefits. Hypolite v. Blache, 482 So.2d 940 (La.App. 3 Cir.1986), writ den., 485 So.2d 65 (La.1986); Giss v. Sumrall, 409 So.2d 1227 (La.App. 2 Cir.1981); Honea, supra.
Claimant argues that her action in not following a direct order of her supervisor was merely poor judgment, not insubordination. She asserts that her poor judgment in this particular instance should not be reason to deny her benefits.
The trial judge affirmed the decision of the appeals referee, who found that the claimant failed to follow a direct order and was therefore insubordinate. The record reflects that the claimant had been warned about insubordination to her supervisor on prior occasions and received a written reprimand stating that disciplinary action or termination would result if her conduct recurred.
We conclude that the employer met its burden of proving that claimant’s discharge resulted from disqualifying misconduct. After a careful review of the record, we find that there is sufficient evidence to support the factual conclusions of misconduct and that those conclusions are sufficient to disqualify claimant from receiving benefits in this case.
For the foregoing reasons, the judgment appealed is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.