521 So.2d 815 (1988)
Ozell LOWERY, Appellee,
v.
George WHITFIELD, Adm. of the La. Office of Employment Security and Modern Cleaners, Appellant.
No. 19395-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1988.
Rehearing Denied March 24, 1988.
*816 North Louisiana Legal Assistance Corp. by John J. Genova, Baton Rouge, for appellee.
Office of Employment Security, Louisiana Dept. of Labor by Frank T. Scott, Jr., Baton Rouge, for appellant.
Before HALL, C.J., and FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
The Administrator of the Office Security and the employer appealed a district court judgment reversing a ruling that the employee was disqualified for unemployment compensation benefits. For the reasons explained, we affirm.
According to the record, the employee worked on alterations at the employer's cleaning establishment for nearly two years prior to her discharge in July 1986. She was paid $3.35 per hour and usually worked from 20 to 30 hours per week. It was related that the employee had been counseled concerning her work performance by the owner and manager of the cleaners. The following finding of fact, made by the Appeals Referee and adopted by the Board of Review, was made:
"There have been such problems as her sewing a red zipper with white thread, altering pants, making one leg shorter than the other, and not properly doing continental cuffs. The claimant stated that she had not sewn on the red zipper with white thread, that the reasons she made one pant leg shorter than the other was on the instruction of her employer, and that she was not able to properly make continental cuffs. The employer refuted the claimant's statement that she had not sewn on the red zipper with white thread, and stated that she had, in fact, done so. The employer also stated that she was never told to make one pant leg shorter than the other. On the last day the claimant worked prior to her discharge, she altered three pair of pants for a customer. In doing so, she did not properly open the seam and press it down, and she did not tack the waistband down after completing the alteration. Mr. Obed also had a pair of pants at the hearing that the claimant had altered for him showing that she had done the same thing on these pants. The claimant denied during the hearing that she had altered the pants for Mr. Obed, and she also could not remember altering three pair of pants as described on her last day of work. However, she was the only alteration person working for the named employer, and no one else would have been responsible for doing alterations. In addition, both Mr. Thompson and Mr. Obed testified that they had talked to her on numerous occasions regarding her work performance, which the claimant also denied. The claimant was told by Mr. Obed on July 28, 1986 that she was being discharged for unsatisfactory work. She was also told about the three pair of pants in question."
The Agency determined that the claimant was discharged from her employment because of misconduct connected with employment and assessed a disqualification for unemployment compensation benefits. This ruling was affirmed by the Appeals Referee and the Board of Review.
In proceedings of this nature, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive and the jurisdiction of the reviewing court is restricted to questions of law. La.R.S. 23:1634; Banks v. Administrator Louisiana Office of Employment Security, 488 So.2d 1067 (La.App.2d Cir.1986). Here, the administrative factual findings are supported by the record. Consequently, the issue on appeal is a legal question -did the unsatisfactory work performance by the employee constitute disqualifying misconduct?
A claimant shall be disqualified from benefits if he has been discharged for misconduct connected with his employment. La.R.S. 23:1601(2). Misconduct has been jurisprudentially interpreted to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a direct disregard of standards of behavior that the employer *817 has a right to expect from his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful interest or evil design, or show an intentional and substantial disregard of the employee's duties and obligations to the employer. Jenkins v. Blache, 471 So.2d 909 (La. App.2d Cir.1985); Louisiana Office of Family Services v. Administrator, Louisiana Office of Employment Security, 427 So.2d 539 (La.App.3d Cir.1983).
In Banks v. Administrator of the Department of Employment Security of the State of Louisiana, 393 So.2d 696 (La. 1981), our Supreme Court noted:
"The word `misconduct' in La.R.S. 23:1601 is used to connotate intentional wrongdoing." King v. Brown, [115 So. 2d 405 (La.App. 2 Cir.1959)], supra; Turner v. Brown, [134 So.2d 384 (La. App. 3 Cir.1961) ], supra. Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct. An intent to do wrong must be present. [See also Charbonnet v. Gerace, 457 So.2d 676 (La.1984)]
Subsequent appeal court decisions have also stated: the element of intentional wrongdoing must be present for an employee to be guilty of wrongdoing. Unsatisfactory work, without the intent to do wrong, is not "misconduct" under La.R.S. 23:1601. Thomas v. Blache, 488 So.2d 1282 (La.App. 4th Cir.1986); Charbonnet, supra.
Where the plaintiff in Thomas, supra, was not shown to have intentionally done unsatisfactory work, benefits were granted. The court there also noted that there was no evidence that the employee could have done satisfactory work but would not.
Here, the owner testified that some items were returned two or three times for corrections or money simply refunded to the customer when the customer picked up the item. However, there was no evidence that the plaintiff was capable of doing satisfactory work but refused to do so.
Where the evidence established a plaintiff's poor judgment, inability to cope with some situations, and occasional incidents of failure to precisely follow instructions, we held that although these actions gave the employer reason to terminate the employee, the actions did not constitute the kind of willful and deliberate misconduct that amounted to willful or wanton disregard of the employer's interest sufficient to disqualify the claimant from receiving unemployment benefits. Pixley v. Blache, 488 So.2d 1126 (La.App.2d Cir.1986).
To summarize, although the claimant's poor work performance gave the employer reason to discharge her, the employer did not prove that this incompetence was intentional. Consequently, the employer did not prove that the employee was guilty of disqualifying misconduct within the meaning of the pertinent statute and jurisprudence.
For these reasons, the judgment of the district court is AFFIRMED, at appellants' cost.

ON REHEARING
Before HALL, C.J., MARVIN, JASPER E. JONES, FRED W. JONES, Jr., and SEXTON, JJ.
PER CURIAM.
In our opinion we incorrectly stated that the employer appealed. To the contrary, only the Administrator of the Office of Employment Security appealed. Therefore, in his application for rehearing the Administrator correctly points out that we erred in casting him for costs. La.R.S. 13:5112(D). Consequently, our judgment is amended to delete the portion casting the Administrator for costs.
With this correction, the application for rehearing is denied.