EDMUND M. REGGIE, Judge Pro Tem.
The primary issue presented by this appeal is whether or not the trial court erred in sustaining the decision of the Board of Review of the Louisiana Office of Employment Security which denied plaintiff unemployment compensation benefits.
Plaintiff, Bonita Joseph, filed this suit seeking judicial review of a decision by the Office of Employment Security of the Louisiana Department of Labor (Agency) after the Agency decided she was ineligible to receive unemployment benefits because of misconduct connected with her employment. LSA-R.S. 23:1601(2). The Agency’s determination was affirmed by an Appeals Referee and reaffirmed by the Board of Review on December 27, 1985. The plaintiff then filed a petition for judicial review of the Board’s decision with the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. The administrator of the Agency, Mr. C.J. Blache, filed an answer to plaintiff’s petition and requested therein that the decision of the Board of Review be reversed.
All parties waived formal hearing and the case was submitted to the court for decision on March 12, 1987. On March 16, 1987, judgment was rendered affirming the decision of the Board of Review. It is from this judgment that plaintiff has appealed. We reverse and remand.
FACTS
Prior to her discharge, plaintiff had been employed by Peggy’s Superette in Lake Charles for approximately ten years as a cashier. Her regular hours were 2:00 P.M. to 10:00 P.M. In September 1985 the manager, Mr. Ernest Sonnier, added a deli department to the store and plaintiff was transferred to the deli. During her training, plaintiff was given specific instructions as to what chores had to be done before closing the deli in the evening and was told that no customer was to be allowed to go behind the counter of the deli. At the hearing before the Appeals Tribunal, Mr. Sonnier testified that this rule was necessary because the cash register is located behind the counter and the store had been experiencing shortages between one and two hundred dollars a week.
The record reflects that the previous owner of the store was Mr. Sonnier’s mother-in-law, Peggy Dougay. By agreement of Mr. Sonnier and Mrs. Dougay, Mr. Son-nier made monthly installment payments on the first Thursday of each month, which Mrs. Dougay would pick up at the store. She would also stop by the store on a regular basis to pick up her mail. Her mail was usually left at the deli as it was her office prior to the sale.
*599 On September 27, 1985, Mrs. Dougay stopped by the store, as usual, to pick up her mail and, upon seeing the new deli, asked plaintiff for permission to inspect the new equipment. Plaintiff allowed Mrs. Dougay behind the counter because she was the former owner and was related to the manager.
Prior to closing on that same day, plaintiff completed all her required chores which included sweeping, mopping, and washing the salad bowl, but a late customer required her to use the salad bowl again. The head of lettuce remained in the salad bowl overnight and the bowl was not rewashed.
When plaintiff reported for work on the following day, Mr. Sonnier told her that he wanted to speak with her in his office. Once inside, Mr. Sonnier remarked that he was the boss and reminded her that no customer was allowed inside the deli. He then advised plaintiff that she was terminated for allowing his mother-in-law to inspect the deli.
Later, Mr. Sonnier testified that he also terminated plaintiff for not completing her assigned tasks prior to closing.
The Appeals Referee made the following findings of fact:
“The claimant worked for the named employer, off and on, about nine years as Cashier and Deli Clerk. She worked on a full-time basis. The claimant had been counselled about the need to follow certain procedures. She was not to allow any person behind the counter. There had been a large quantity of losses either due to food disappearing or money disappearing. The claimant was also given specific instructions as to what should be done before the deli is closed in the evening, including the cleaning of the area. She had been counselled about this in the past and given a specific list of duties that she should check off whenever she had completed. On September 27, 1985, the claimant allowed the Manager’s mother-in-law, who had been a previous Owner, behind the Deli Counter without any supervision, and then at the close of the day she left food in the dish rather than having all these items clean when she left for the evening. Since she had been counselled about the need to follow instructions, she was terminated.”
DISQUALIFICATIONS FROM BENEFITS FOR MISCONDUCT
LSA-R.S. 23:1634 provides in pertinent part:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law....”
Judicial review of the findings of the Board of Review is limited to a determination of whether the facts are supported by sufficient, competent evidence and whether, as a matter of law, the facts justify the action taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
On appeal, the plaintiff and the Agency both contend there was insufficient evidence presented to support a finding of disqualifying conduct by the Board of Review and that the decision of the Board was incorrect as a matter of law. We agree.
LSA-R.S. 23:1601(2) provides that a claimant shall be disqualified for benefits if he has been discharged for misconduct connected with his employment. When an employee has been discharged for misconduct, the employer bears the burden of proving the misconduct by a preponderance of the evidence. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
Misconduct has been jurisprudentially defined by this court in Gallien v. Adm’r, Office of Employ. Sec., 511 So.2d 70, 72 (La.App. 3 Cir.1987) as:
“[A]n act of wilful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of the standards of behavior which the employer has a right to expect of the employee, or negligence to such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, *600 or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.” (Citations omitted. Emphasis added.)
See also, Pilgrim Manor Nursing Home v. Gerace, 337 So.2d 660 (La.App. 3 Cir.1976), and Thomas v. Blache, 488 So.2d 1282 (La.App. 4 Cir.1986). Because the element of intentional misconduct must be present for an employee to be guilty of disqualifying conduct, mere errors in judgment committed in good faith or isolated instances of negligence or carelessness are insufficient to deprive an employee of unemployment benefits. Jacobs v. Gerace, 381 So.2d 935 (La.App. 3 Cir.1980); Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir.1961).
Applying these principles to the case at bar, we have concluded that the record before this court does not contain sufficient proof that the plaintiff willfully committed misconduct in allowing Mr. Sonnier’s mother-in-law behind the counter, or that she intentionally neglected to wash one salad bowl before leaving for the evening. At worst, plaintiff’s actions constituted relatively minor unsound judgment.
Mr. Sonnier testified that he terminated plaintiff because she did not complete various chores which were required to be done at closing time and that there were “other things” that he had warned her about over and over during the year prior to her termination which she failed to correct. However, he failed to specify what chores he was specifically referring to and what the “other things” were that plaintiff continually failed to do. There is nothing in the record to show any such things.
Plaintiff testified that, on the day prior to her dismissal, she failed to rewash one salad bowl prior to closing. Mr. Sonnier never responded to her comment or stated whether it was in fact true. Furthermore, he did not present any documentation showing that plaintiff had been reprimanded in the past for not performing her required duties.
Letters submitted to the Board of Review on plaintiff’s behalf indicate that she had a pleasant personality and was a hard worker. Also, letters by prior employees indicate that Mr. Sonnier’s firing was perhaps motivated by a desire to replace his cashiers with younger girls.
The record is also void of any evidence that plaintiff deliberately and intentionally allowed Mr. Sonnier’s mother-in-law inside the deli or that she had been guilty of allowing others into the deli prior to this incident. It was revealed at the administrative hearing that Mrs. Dougay passed by the store every week to pick up her mail and that plaintiff was unaware that Mr. Sonnier’s prohibition against allowing customers inside the deli extended to his family. Plaintiff testified that prior to her dismissal, Mr. Sonnier frequently allowed family and friends to tour the new deli. Again, Mr. Sonnier neither denied nor confirmed this allegation.
Clearly, Mr. Sonnier failed to carry his burden of proof in establishing plaintiff was guilty of intentional misconduct. Therefore, claimant should be entitled to unemployment compensation benefits.
Accordingly, we reverse the judgment of the trial court and render judgment declaring plaintiff eligible for unemployment compensation benefits. We remand the case to the Agency for calculation and distribution of benefits. Costs of proceedings at trial and appellate level are assessed against Peggy’s Superette.
REVERSED AND REMANDED.