576 So.2d 1165 (1991)
MARTIN MILLS, INC., Plaintiff-Appellee,
v.
Lee Audrey LEON, et al., Defendants-Appellants.
No. 89-1224.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1166 Perret, Doise, Daigle, Longman, Russo & Zaunbrecher, Ian A. MacDonald, Lafayette, for plaintiff/appellee.
Allen & Gooch, Frank A. Flynn, Lafayette, for defendants/appellants.
Denise A. Nagel, Baton Rouge, for defendant/appellee (state).
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Lee Audrey Leon appeals the judgment of the trial court which reversed the Louisiana Board of Review's determination that she was qualified to receive unemployment compensation benefits.
Leon contends that the trial court was erroneous in its conclusion that her actions constituted misconduct within the meaning of LSA-R.S. 23:1601(2) sufficient to disqualify her from unemployment compensation benefits. Leon also contends that the trial court was manifestly erroneous in casting her with court costs. We reverse.

FACTS
The findings of fact as determined by the Louisiana Board of Review are as follows:
"The claimant was hired as a shoulder seam joiner-sewing machine operator. She started work on June 19, 1972 and worked until November 2, 1988. She was paid $4.55 per hour based upon production. On August 9, 1988, her supervisor found some deficiencies in her work. The claimant failed a regrade, one pleat and a raw edge. She was counselled [sic] about her errors. The claimant had just returned from sick leave. Thereafter, the claimant had continued to improve until August 20, 1988, when she failed the standard *1167 requirements with two open seams and one raw edge. She complained that the errors were due to a malfunction in her machine which would pop stiches [sic]. She asked that her machine be repaired. Another coworker was given the claimant's machine. After a while, this coworker requested her old machine be returned to her. The claimant's machine was given back to her, and the claimant proceeded to fail regrade on August 29, 1988, two raw edges; September 10, 1988, one uneven shoulder; September 10, 1988, one open seam; September 21, 1988, two open seams; September 22, 1988, two open seams. On September 23, 1988, the claimant was placed on retraining. She was told if she failed again in the next 90 days after completing retraining, she would be discharged. The claimant failed to complete her job assignment as required by the employer on October 31, 1988, and was placed on regrade. She had three open seams and was told if there were no improvements she would be terminated. On November 2, 1988, she failed her regrade audit with two open seams. The claimant was discharged for continued poor quality work when she was an established sewing maching operator."
The local office of the Louisiana Department of Labor, Office Employment Security (hereafter Agency) initially qualified Leon to receive unemployment compensation benefits. On appeal by Martin Mills to an Administrative Law Judge, the Agency's determination was reversed. Later, on the employee's appeal to the Louisiana Board of Review, it was found that the employee's errors did not constitute willful misconduct or negligence in job performance to disqualify the claimant from receiving unemployment compensation benefits and reinstated Leon.
On judicial review brought by Martin Mills, the trial court reversed the decision of the Louisiana Board of Review. Leon brings this appeal.

EMPLOYEE MISCONDUCT
Leon contends that the trial court overstepped its bounds in reversing the Louisiana Board of Review's determination that she was qualified to receive unemployment compensation benefits. Specifically the Louisiana Board of Review held:
"After carefully reviewing the record in this case, the Board finds that the claimant, after working approximately 16 years with the named employer, occasionally had made errors in her work. The claimant tried to perform her work differently after being retrained. However, the claimant complained that some of the errors were due to a defective machine. She further stated that she was trying to increase her production, which also created more errors. The Board finds that this cannot be considered as willful misconduct or the claimant being negligent in her job performance. As such, benefits will be allowed."
In proceedings involving unemployment compensation benefits, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive and the jurisdiction of the reviewing court is restricted to questions of law. Lowery v. Whitfield, 521 So.2d 815 (La.App. 2nd Cir. 1988). In the present case, the findings of fact of the Board of Review are supported by the record. Therefore, the legal issue before us is whether the trial court erred in its determination that Leon's unsatisfactory work performance constituted disqualifying conduct.
A claimant shall be disqualified from benefits if she has been discharged for misconduct connected with her employment. LSA-R.S. 23:1601(2). Misconduct has been jurisprudentially interpreted to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a direct disregard of standards of behavior that the employer has a right to expect from his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful interest or evil design, or show *1168 an intentional and substantial disregard of the employee's duties and obligations to the employer. La. Off. of Fam. Serv. v. Adm'r., Emp. Sec. Off., 427 So.2d 539 (La. App. 3rd Cir.1983). The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984). Unsatisfactory work, without the intent to do wrong, is not misconduct under LSA-R.S. 23:1601. Id.
The employer bears the burden of proving by a preponderance of the evidence that a discharge resulted from disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).
At the administrative hearing, Leon contended that her failure to adequately perform her duties was due to problems with her machine. While Leon was on leave, another worker experienced problems of quality control when she was given Leon's machine; later, Leon's co-worker asked for the return of her original machine. The Louisiana Board of Review incorporated these facts into its findings.
Karl J. Anderson, the sewing room supervisor, testified at the administrative hearing that Leon had occasional machine problems. However, he contended that Leon's audit failures were not caused by mechanical problems.
Paulette Kately, Martin Mills's sewing instructor, also testified. She asserted that Leon never complained that mechanical problems were the cause of her sewing failures. Nevertheless, she further stated that all of the machine problems Leon encountered could have been remedied by Leon herself.
In its argument to the trial court and again to us, Martin Mills relies upon Martin Mills, Inc. v. Dept. of Employment Sec., 541 So.2d 205 (La.App. 3rd Cir.1989), to support its assertion that Leon was discharged because of disqualifying conduct. We disagree, finding Martin Mills, Inc. distinguishable factually.
In Martin Mills, Inc. a sewing examiner's employment was terminated because of her failure to properly inspect garments. In that case, we found that the sewing examiner's unsatisfactory performance was due to her progressively inattentive conduct. Unlike the discharged employee in Martin Mills, Inc., Leon's unsatisfactory work product was possibly attributable to a malfunctioning machine. Martin Mills, the party with the burden of proof, presented no independent testimony, i.e., repair records or the testimony of its machine maintenance personnel, which, by a preponderance of evidence, would negate Leon's assertions. Therefore, we find the trial court's reliance on Martin Mills, Inc. was misplaced.
After carefully reviewing the record, in light of the evidence adduced, we cannot conclude that Martin Mills' assertions are any more believable than Leon's. Therefore, we cannot say that Martin Mills proved by a preponderance of the evidence that Leon was discharged because of disqualifying misconduct.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. The decision of the Louisiana Board of Review dated March 6, 1989, is reinstated.
REVERSED AND RENDERED.