KNOLL, Judge.
This is an unemployment compensation case. The trial court rendered judgment in favor of Jacqueline Provost, the claimant, and against Jeanerette Mills, Inc., her employer, reversing the decision of the Board of Review. The trial court held that Provost’s action did not constitute disqualifying conduct connected with her employment.
The sole issue presented on appeal is whether the trial court erred in finding that Jeanerette Mills failed to prove that Provost was disqualified from receiving unemployment compensation benefits because of misconduct connected with her employment. We affirm.
FACTS
The Administrative Law Judge made the following findings of fact:
“The claimant was employed by Jeaner-ette Mills, Incorporated, as a sewing machine operator from January 27, 1981, until November 21, 1986. She was paid a salary, based upon production, of $6.06 per hour. She was a full-time employee and she was scheduled to work from 7:00 a.m. to 3:45 p.m., Monday through Friday. On November 21, 1986, the sewing room supervisor, Joseph Brown, discharged the claimant because she continued to do poor quality work after she had received several warnings and suspensions for prior problems with her work. The claimant was capable of performing her job as a sewing machine operator. The claimant initially attributed the problems with her work to her attempt to make her production quota. Both the sewing room supervisor, Joseph Brown, and the sewing instruction [sic] Vicki Guidry, counseled the claimant to pay attention to the quality of her work rather than place the total of her emphasis on her production. The claimant also received guidance as to how to improve the quality of her work, however, she failed to improve.”
The local office of the Louisiana Department of Labor (Agency) qualified Provost to receive unemployment compensation benefits. On appeal by Jeanerette Mills, the Administrative Law Judge reversed the decision of the Agency based on the findings of facts hereinabove. The employee’s appeal to the Board of Review was then rejected.
On judicial review brought by Provost, the district court reversed the decision of the Board of Review.
EMPLOYEE MISCONDUCT
Jeanerette Mills contends that the Administrative Law Judge’s findings of fact were supported by the record, and when *207 applied to Louisiana law, the decision of the Board of Review, disqualifying Provost should not have been disturbed by the trial court.
In Martin Mills v. Leon, 576 So.2d 1165, 1167 (La.App. 3rd Cir.1991), we stated:
“In proceedings involving unemployment compensation benefits, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive and the jurisdiction of the reviewing court is restricted to questions of law. Lowery v. Whitfield, 521 So.2d 815 (La.App. 2nd Cir.1988).
* * * * * *
A claimant shall be disqualified from benefits if she has been discharged for misconduct connected with her employment. LSA-R.S. 23:1601(2). Misconduct has been jurisprudentially interpreted to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a direct disregard of standards of behavior that the employer has a right to expect from his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful interest or evil design, or show an intentional and substantial disregard of the employee’s duties and obligations to the employer. La. Off. of Fam. Serv. v. Adm’r., Emp. Sec. Off, 427 So.2d 539 (La.App. 3rd Cir.1983). The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984). Unsatisfactory work, without the intent to do wrong, is not misconduct under LSA-R.S. 23:1601. Id.
The employer bears the burden of proving by a preponderance of the evidence that a discharge resulted from disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981).”
In the case sub judice, the record preponderates that Provost performed unsatisfactory work, but did not evidence an intent to do wrong.
Jeanerette Mills s supervisory personnel recognized carelessness in Provost’s work habits and were aware of personal problems involving Provost’s family which distracted her. Vicki Guidry, Jeanerette Mills’s sewing instructor, testified that Provost never intentionally disregarded her job assignments. Provost’s work journal for her last 10 months of work exhibits numerous notations of family and medical needs, as well as conferences for lack of production at work and poor quality work. On this basis, we find Martin Mills v. Dept. of Employment Sec., 541 So.2d 205 (La.App. 3rd Cir.1989), the case relied upon by Jeanerette Mills, factually distinguishable.
Although we find that Jeanerette Mills had grounds to terminate employment for unsatisfactory work, the record fails to establish Provost’s intent to do wrong. Accordingly, we conclude that the trial court properly found Provost entitled to receive unemployment compensation.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Jeanerette Mills.
AFFIRMED.