LOLLEY, J.
hThe claimant, Alberta Dyer, appeals a judgment by the First Judicial District Court, Parish of Caddo, State of Louisiana, affirming the Louisiana Board of Review’s decision which upheld the denial of her claim for unemployment compensation benefits. The district court found that the administrative decision was based on sufficient competent evidence. For the following reasons, we affirm the district court’s judgment.
Facts
Alberta Dyer, the claimant, began working as a Registered Nurse (“RN”) with Nursecare Nursing & Rehabilitation Center/Irving Place Associates, L.P. (“Nurse-care”), in June 2006. Dyer worked as the RN supervisor of Nursecare’s facility on weekends. On January 21, 2011, Dyer was in the process of distributing medication to a patient on the third floor, the psychiatric unit housing persons with Alzheimer’s and dementia. The patient was changing clothes when Dyer received an emergency call that another patient on the first floor needed a tracheotomy tube reinserted. Apparently, Dyer was the only person on duty qualified to replace the tube, so she placed the medication on the patient’s bedside table and left to treat the other patient. While Dyer was gone, a nurse assistant found the medication in the patient’s room and reported to the administrator that medicine had been left unattended.
On January 24, 2011, Dyer met with Nursecare’s Director of Nursing, Allyson DeLaune, who terminated Dyer for three reasons: leaving medication unsecured at the patient’s bedside; failing to lock the medication cart that was in the hallway; and, failing to ensure that hydration was | ^prepared for the patients. A written “Employee Counseling Form” stated the final disposition as termination.
Subsequently, Dyer filed an application for unemployment compensation benefits with the Louisiana Workforce Commission (“LWC”), which sent a notice of claim to Nursecare requesting the reason for Dyer’s separation from employment. Nursecare responded that Dyer had been fired for “poor job performance.” On March 23, 2011, the LWC mailed notice to Dyer that she had been disqualified for unemployment benefits, stating: “You *690 were discharged from your employment because you failed to follow a reasonable request of your employer/supervisor in regard to your work. Your discharge was for misconduct connected with the employment.”
Dyer then filed an administrative appeal with the LWC Appeals Tribunal. During a telephone hearing, the administrative law judge (“ALJ”) heard testimony from Dyer and DeLaune, Nurseeare’s representative for the hearing. The ALJ found that Dyer:
• had been waiting for a patient to change clothes to administer medication;
• was called to assist with another patient who needed a trach tube inserted;
• placed the medicine on the patient’s bedside table and left the room;
• admitted leaving medication unattended with a patient while responding to an enaergency; and
• knew leaving the medicine cart unlocked was a critical offense subjecting claimant to immediate discharge.
|sThe ALJ concluded that based on these findings, Dyer’s actions constituted wilful misconduct on the job disqualifying her for unemployment benefits. Dyer then appealed to the Louisiana Board of Review (“the Board”), which affirmed the decision to disqualify her from receiving benefits, adopting the ALJ’s factual findings as supported by a preponderance of the evidence.
Upon exhausting these administrative remedies, Dyer filed a petition for judicial review of the denial of unemployment benefits with the district court. After hearing argument, the district court found that the Board’s decision was supported by sufficient and competent evidence. The district court rendered judgment affirming Dyer’s disqualification from receiving unemployment benefits, which decision Dyer now appeals.
Discussion
On appeal, Dyer argues the trial court erred in affirming the denial of unemployment compensation benefits, claiming she is entitled to receive unemployment benefits because Nursecare failed to prove that she was discharged for misconduct connected with her job. We disagree.
Louisiana R.S. 23:1601(2)(a) provides, in pertinent part, that an employee shall be disqualified for benefits:
If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others. (Emphasis added.)
The decision of the board of review is subject to judicial review. La R.S. 23:1634. Factual findings of the board of review are conclusive if | ¿supported by sufficient evidence. The scope of judicial review is confined to questions of law and to whether the administrative decision is supported by sufficient evidence. La. R.S. 23:1634(B); Bowden v. Louisiana Bd. of. Review, Office of Regulatory Services, 46,-048 (La.App.2d Cir.01/26/11), 57 So.3d 513.
The employer bears the burden of proving by a preponderance of the evidence that the discharge resulted from disqualifying misconduct. Banks v. Administrator, Dept. of Employment Sec. of State of La., 393 So.2d 696 (La.1981); Brinson v. Administrator, Div. of Employment Sec., 34,988 (La.App.2d Cir.08/22/01), 793 So.2d 552. A violation of *691 an employer’s rule does not per se constitute misconduct sufficient to disqualify a claimant from receiving unemployment benefits. However, a deliberate violation of a policy or rule adopted by the claimant’s employer constitutes misconduct for purposes of the unemployment compensation statute, if the claimant was aware of the policy or rule. Bowden, supra. Whether a policy violation warrants withholding unemployment benefits is a question which must be determined not by examining the employer’s rule, but by applying the statute. Bowden, supra; Lafitte v. Reliant Energy Resource Corp., 37,-709 (La.App.2d Cir.10/17/03), 859 So.2d 238.
The key portion of the statutory definition for “misconduct” concerns Dyer’s alleged “violation of a policy or rule adopted to insure orderly work or the safety of others.” La. R.S. 23:1601(2)(a). The primary reason for Dyer’s termination was violation of the policy against leaving medicine unattended and available to patients. Here, the judicial review properly Isconsisted of a consideration of the applicable law and whether the administrative decision was supported by sufficient evidence. Specifically, the district court determined that the administrative decision was supported by “sufficient and competent evidence.” We agree. The evidence considered by the ALJ clearly showed that Dyer was in violation of Nursecare’s written policy, which amounts to willful misconduct on the job. DeLaune testified that she terminated Dyer for leaving medication unsecured in a resident’s room, on the psych floor, and Dyer knew such an action was against company policy, which policy was contained in the employee handbook. DeLaune stated that leaving medication unattended in a resident’s room was a critical offense which justified Dyer’s immediate discharge as provided in the employee handbook. Dyer acknowledged at the hearing that she left the medication at the patient’s bedside.
Notably, the word “misconduct” in La. R.S. 23:1601 is used to connote intentional wrongdoing. An intent to do wrong must be present. Banks, supra at 699. In Banks, the Supreme Court made a factual determination that the claimant did not intend to do wrong, based on the absence of legal evidence. There, the element of intentional wrongdoing was absent, because the evidence did not support a finding that the claimant willfully disregarded her employer’s rules. Id. Here, Dyer was aware of the policy, yet made a hasty decision resulting in her violation of the policy, a critical one in place for patient safety. Although Dyer’s action in violating Nursecare’s policy may have been justified in her opinion, such justification |fidoes not negate her intent. Accordingly, we conclude that Dyer’s assignment of error is without merit.
Conclusion
For the foregoing reasons, the district court’s judgment affirming the decision of the Louisiana Board of Review is affirmed. All costs of this appeal are assessed to Alberta Dyer.
AFFIRMED.
WILLIAMS, J., dissents with written reasons.