380 So.2d 685 (1980)
Anna M. BROWN
v.
Thomas M. LOCKWOOD, the Administrator for the Louisiana Department of Employment Security and U. Koen & Company.
No. 10346.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1980.
Edward A. Armstrong, Jr., New Orleans, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendant-appellee.
Before SAMUEL, GULOTTA and GARRISON, JJ.
SAMUEL, Judge.
Anna M. Brown appeals from a district court judgment upholding an administrative determination that she was disqualified from receiving unemployment compensation benefits.
Appellant had been involved in a fight on her employer's premises with two other women, a fellow employee and a daughter of that employee. She was discharged and applied to the Louisiana Department of Employment Security for unemployment compensation benefits.
The Department of Employment Security determined appellant had been discharged for misconduct connected with her employment, and for that reason denied her application. She appealed to the Appeals Tribunal which, following a hearing, upheld the initial determination. This decision in turn was appealed to the Louisiana Board of Review, which also affirmed the initial determination. Appellant then appealed to the Civil District Court for the Parish of Orleans, which also affirmed.
In pertinent part, Revised Statute 23:1601 provides:
"An individual shall be disqualified for benefits:

. . . . .
(2) If the Administrator finds that he has been discharged for misconduct connected with his employment."
*686 Within the meaning of R.S. 23:1601(2), "misconduct" has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design or show an intentional and substantial disregard of the employer's interests or the employee's duties and obligations to the employer.[1]
The jurisprudence uniformly has adopted the rule that the Employment Security Act should be liberally construed in favor of the employee,[2] and there is at least one decision which stands for the proposition that engaging in a fight with another employee, standing alone, does not constitute such misconduct as would disqualify a discharged employee from receiving unemployment compensation benefits.[3]
In proceedings under the statute, "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."[4] The facts as found by the administrative tribunal, which we accept, are:
Appellant had worked for her employer for three years as a maid. She was discharged because of the incident in suit. During that morning she was at work in her employer's recreation room. Another woman, not an employee but whose mother was an employee, was the only other person in the room at that time. Quoting from the administrative Findings of Fact: "This woman shook her finger in the claimant's face, and told the claimant not to curse at her mother. The woman then slapped the claimant in the face. The claimant hit her back. At this time, the claimant's assailant's mother reentered the recreation room and told the claimant not to hit her daughter. The two women cornered the claimant near a soft drink machine. The claimant picked up a root beer bottle with which to defend herself. She broke this bottle against the wall during the melee, and continued to fight with it. At the conclusion of the disturbance, the claimant had cut each of her assailants on the head, she had slashed the right forearm of the younger assailant who had slapped her first, and has gashed her own left arm in the scuffle."
In pertinent part, the Opinion of the Appeals Referee states that in "the course of defending herself against the combined attack of two assailants, the claimant freely acknowledged that she picked up and broke a glass bottle" with which she did bodily harm to her assailants. The Opinion further states the appellant did not instigate the fight.
We reverse. Here, there was no disregard of her employer's interest, no violation of its rules, and none of the factors mentioned above and contained in the cases cited in note 1. While those mentioned factors are not necessarily exclusive, this appellant only defended herself from an attack by two other women.
We do not say her employer improperly terminated appellant's employment. Nor do we hold engaging in a fight under any circumstances does not constitute misconduct connected with one's employment. However, under the facts of this case, we do hold appellant was not guilty of misconduct connected with her employment within the meaning of R.S. 23:1601(2).
For the reasons assigned, the judgment appealed from is reversed and the Administrator of the Louisiana Department of Employment Security is ordered to pay appellant, *687 Anna M. Brown, all benefits to which she is entitled in this matter.
REVERSED.
NOTES
[1] Landry v. Department of Employment Security, La.App., 272 So.2d 792; Payne v. Antoine's Restaurant, La.App., 217 So.2d 514; Gatlin v. Brown, La.App., 154 So.2d 224; Wilson v. Brown, La.App., 147 So.2d 27.
[2] See National Gyp. Co. v. Administrator, La. Dept. Emp. Sec., La.App., 300 So.2d 527; Senegal v. Lake Charles Stevedores, La.App., 188 So.2d 510.
[3] See Henton v. Brown, La.App., 157 So.2d 238.
[4] R.S. 23:1634.