499 So.2d 488 (1986)
Horace RANDLE, Plaintiff-Appellee,
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY and Claiborne Gasoline Company, Defendant-Appellee, Defendant-Appellant.
No. 18178-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*489 Hargrove, Guyton, Ramey and Barlow by J. Whitney Pesnell, Shreveport, for defendant-appellant.
James A. McGraw, Denise A. Nagel, Herman Robinson, Frank T. Scott, Jr., Bernard *490 J. Francis, Sr. and Ollivette E. Mencer, Baton Rouge, for defendant-appellee.
Culpepper, Teat, Caldwell & Avery by James D. Caldwell, Jonesboro, for plaintiffappellee.
Before MARVIN, JASPER E. JONES, and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
The employer appeals a judgment reversing a decision of the Board of Review and decreeing the claimant qualified for unemployment compensation benefits. The district court disagreed with the Board's conclusion that claimant's involvement in a fight on company property constituted disqualifying misconduct. An alternative issue arises from the employer's request to this court to remand the case to allow the employer to prove claimant's unexcused absences from work as disqualifying conduct.
We deny the employer's request and affirm the judgment.

FIGHTING AS MISCONDUCT
A discharged employee is disqualified for benefits if the Administrator of the Louisiana Office of Employment Security finds that he has been discharged for misconduct connected with his employment. LRS 23:1601. This statute is to be liberally construed in favor of finding that the employee is entitled to benefits. Dawkins v. Sumrall, 424 So.2d 407 (La.App. 2d Cir. 1982).
Misconduct connotes intentional wrongdoing and is primarily a factual issue. A reviewing court must accept an administrative finding of fact which is supported by sufficient competent evidence. A reviewing court is not bound to accept an administrative ruling that is not supported by the facts. LRS 23:1634; Banks v. Administrator of Dept. of Employment Security, 393 So.2d 696 (La.1981); Dawkins v. Sumrall, supra.
The claimant was notified that he was disqualified from receiving benefits because his discharge was for misconduct connected with his employment, specifically "fighting on company premises during working hours." The Appeals Referee upheld the disqualification and was affirmed by the Board of Review.
The Appeals Referee made these findings of fact relating to the fight between claimant and an employee of another company working at the same plant:
On June 12, 1985, the claimant [Horace Randle], Terry Mitchell, and Jerry Bryant were on their lunch break. The claimant was eating a plate of fried fish that had been prepared and brought to him by his girlfriend. Jerry Bryant walked up to the claimant and placed his face close to the fish. The claimant spoke in a harsh manner and asked Mr. Bryant if he wanted some fish. Mr. Bryant retaliated with "you can take your fish and stick it in one ear and let it come out of your ass." Several verbal exchanges were made and the claimant got up and struck Mr. Bryant on the chest and neck area, causing him to fall over backwards. This upset Mr. Bryant and he reported the incident to Richard Jones [the claimant's supervisor]. Richard Jones conducted an investigation of all parties present at the incident. After the investigation was completed, the claimant was terminated by Richard Jones for fighting on company property.
Bryant also told Randle to "put [the fish] right back up in the woman's ass who brought it to you."
Bryant testified on behalf of Randle, rather than against him, at the hearing before the Appeals Referee. Bryant said that he and Randle were friends who talked to each other "like that [above recited] all the time." Bryant said that Randle had not really hurt him but made him angry when he hit him.
The district court found that the administrative findings of fact did not support the Referee's conclusion that the claimant's behavior constituted disqualifying misconduct because "this [fight] was an isolated incident, unpremeditated, not seriously improper conduct, did not cause injury to Bryant and that, in fact, it was a very moderate response considering the aggressive, verbal provocation by Bryant."
*491 The question of whether an employee's involvement in a "hotheaded incident" constitutes disqualifying misconduct must be answered on a case-by-case basis. In some circumstances, one incident may be sufficient to disqualify an employee from receiving benefits, while in another, several incidents may be insufficient. Compare Ward v. Office of Employment Security, 493 So.2d 777 (La.App. 2d Cir.1986), and cases cited therein.
Similarly, an employee's fight with another employee may justify his discharge, but may not legally disqualify him for unemployment benefits. Employees who had been discharged for fighting, but who had not willfully disregarded their employer's interest, were held to be entitled to benefits in Brown v. Lockwood, 380 So.2d 685 (La.App. 4th Cir.1980); Williams v. Brown, 157 So.2d 237 (La.App. 3d Cir. 1963); and Henton v. Brown, 157 So.2d 238 (La.App. 3d Cir.1963). To disqualify an employee, the employee's conduct must be found to show a willful disregard for his employer's interest. If the employee fails to use sound or reasonable judgment but does not willfully disregard his employer's interest, he will not be found disqualified. Jacobs v. Gerace, 381 So.2d 935 (La.App. 3d Cir.1980). There the claimant's firing of a gun in the presence of other employees after an assailant shot at him was not held to be a willful disregard of his employer's interest.
Considering the factual circumstances recited by the Referee, we agree with the district court that the claimant's conduct was not the type of conduct that warrants disqualification. The district court correctly considered the administrative findings with other uncontroverted testimony and determined that the Appeals Referee's conclusion that claimant's conduct showed willful disregard of his employer's interest was legally erroneous. Heard v. Doyle, 259 So.2d 412 (La.App. 2d Cir.1972).

UNEXCUSED ABSENCES
The employer contends that if the fight does not disqualify the claimant, the claimant's repeated unexcused absences from work disqualify him. The employer's records showing warnings to the claimant about his absences were presented as exhibits at the administrative hearing. Unexcused absences were not mentioned either in the Notice to Appear for Hearing that was sent to the claimant or in the Appeals Referee's decision. The employer asks that we remand the case for the taking of additional evidence if we find that proper notice was not given to the claimant of unexcused absences as a reason for disqualification.
The pivotal issue is not whether the claimant's unexcused absences may constitute misconduct, but whether they were the reason for claimant's termination.
In responding to a discharged employee's claim for unemployment compensation benefits, the employer bears the burden of proving that the discharge resulted from disqualifying misconduct. See Banks v. Administrator of Dept. of Employment Security, supra. This burden is not satisfied by showing incidents of misconduct during the course of employment if the employee was not discharged because of those incidents. Phillips v. Doyal, 190 So.2d 652 (La.App. 2d Cir.1966); La. Office of Family Services v. Administrator, La. Office of Employment Security, 427 So.2d 539 (La.App. 3d Cir.1983).
Here, the employer's documentation of the claimant's discharge reads:
On this date Mr. Horace Randle's employment with Claiborne Gasoline was terminated for fighting on company property. Mr. Randle was fully aware of Claiborne's policy concerning fighting on company property which calls for immediate termination.
The employer notified the Office of Employment Security that the claimant was separated from employment because he "started a fight with a contract laborer on Claiborne's property. Both Mr. Randle and the contract laborer were terminated immediately for such action, which is against Company policy."
The employer's later letter to the Office of Employment Security that forwarded *492 documentation about claimant's unexcused absences also stated that the claimant "was terminated for fighting."
The agency and the courts do not consider the reasons why a claimant might have been discharged, but only the reason or reasons why he was discharged. That consideration is made retrospectively and in the light of the accomplished facts to determine whether the discharge was for disqualifying conduct. Any evidence produced on remand of this claimant's unexcused absences before he was discharged for fighting, would not avail the employer because the employer's records show the claimant was discharged for fighting. The claimant, once discharged for a specific reason, is no longer an employee who is subject to discharge for another reason, however valid.

CONCLUSION
The brief of the administrative agency agrees that the evidence in the record does not support the decision of the Board of Review and submits that the district court's judgment should be affirmed.
At the employer's cost, the judgment of the district court is AFFIRMED.