DOUCET, Judge.
Appellee, Ted Clavier, was employed by Jantzen, Inc. as a warehouseman from December 17, 1982 until January 13, 1987. Appellee was terminated from said employment on January 14, 1987 by Rita Bihm and Pamela Aguillard, two Jantzen warehouse supervisors. Jantzen contends that appellee’s discharge was a result of his negative attitude which allegedly affected his job performance.
Appellee was initially disqualified from receipt of unemployment benefits. Appel-lee subsequently appealed this decision and a hearing was held before an Administrative Law Judge. The Administrative Law Judge reversed the initial determination and found that appellee was eligible for the benefits because he had not engaged in misconduct within the meaning of the Louisiana Employment Security Law. Jantzen appealed to the Board of Review and the Board issued its decision affirming the judgment of the Administrative Law Judge. Jantzen then filed a petition in the district court seeking review of the decision of the Board of Review. The district court affirmed the decisions of the appeals referee and Board of Review. It is from this judgment that Jantzen appeals.
Appellant specifies four assignments of error, all of which involve one central issue ... whether the district court erred when it failed to find that appellee was terminated for “misconduct” within the meaning of the Louisiana Employment Security Law.
La.R.S. 23:1634 in pertinent part provides:
“In any proceeding under this Section the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
Thus, judicial review of an administrative decision of the Louisiana Board of Review involves just two essential questions:
(1) Was the Board of Review’s decision based on sufficient competent evidence, and
(2) As a matter of law, did the Findings of Fact justify the decision of the Board of Review.
Banks v. Administrator of Dept. of Emp. Sec., 384 So.2d 485 (La.App. 2nd Cir.1980).
The findings of fact, as determined by the Administrative Law Judge and adopted by the Board of Review, are as follows:
“The claimant was last employed by Jantzen, Incorporated, as a warehouseman from December 17,1982, until January 13, 1987. He was paid a salary of $5.22 per hour. He was a full-time employee. He was rescheduled to work from 1:00 p.m. to 10:00 p.m. each work *783 day. On January 14, 1987, Rita Bihm, and Pamela Aguillard, Warehouse Supervisors, discharged the claimant for having a negative attitude which allegedly affected his job performance. The incident which prompted the claimant’s discharge occurred on January 12, 1987. The claimant was cited for having a negative attitude towards his job because he complained to Rita Rihm [sic] that help was needed in the warehouse. Although the claimant did complain about his job responsibilities on occasion, he always followed the instructions of his supervisors concerning his job assignments. He also agreed to work overtime when it was necessary.”
Pursuant to La.R.S. 23:1634, we must first address the question of whether the aforementioned findings of fact of the Board of Review are suppported by sufficient evidence. After a careful review of the record evidence, we find that the answer to this inquiry is in the affirmative.
The record evidence demonstrates that appellee and another worker were the only warehousemen employed between November of 1986 and January of 1987. In December of 1986, a portion of the job duties of Ms. Verona Bertrand, a Jantzen employee, were transferred to the two warehouse-men. The warehousemen were expected to load trucks periodically during the day in addition to accomplishing their other duties. It was at this point in time that appellee began requesting help for he and his co-worker.
Mrs. Aguillard, appellee’s supervisor, testified that appellee never refused to work overtime or to perform his job duties. Mrs. Aguillard added that appellee was terminated as a result of a discussion he had with Mrs. Rita Bihm. Appellee testified that the discussion centered around a request of Mrs. Bihm that additional help be provided to his department. Appellee added that Mrs. Bihm’s response was “... if he didn’t like it, to hit the door.” Moreover, appellee’s co-worker, Mr. Cullivan, testified that he heard a portion of this discussion and when appellee requested help, Mrs. Bihm asked appellee “if he want ed to work, or not?”
Shortly after appellee’s termination, Jantzen had three full-time employees performing the duties that were previously performed by appellee and his co-worker. Additionally, a fourth individual also periodically helped out with these duties.
In light of the foregoing, we find that the record clearly supports the factual findings of the Board of Review, thus, we must next determine as a matter of law, did the findings of fact justify the decision of the Board of Review.
La.R.S. 23:1601(2) provides that an individual shall be disqualified from receiving unemployment compensation benefits if the administrator finds that he has been discharged for misconduct connected with his employment. The Louisiana Supreme Court has construed the definition of disqualifying misconduct as follows:
“... the ‘misconduct’ must have resulted from a willful or wanton disregard of the employer’s interest, from a willful violation of the employer’s rules or from a direct disregard of standards of behavior which the employer has the right to expect from his employees ...”
Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984).
The misconduct must be willful misconduct and intentional wrong behavior. In the instant situation, the Board of Review made the factual determination that appellee was discharged after he complained to his supervisor that he needed help at the warehouse. Louisiana jurisprudence clearly states that complaints by an employee do not constitute disqualifying misconduct. Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir.1973). Thus, we find, as did the district court, that as a matter of law, the findings of fact justified the decision of the Board of Review.
Jantzen attempts to expand the evidence presented at the hearing conducted by the Administrative Law Judge by listing in its brief warnings allegedly given to appellee between March 12, 1985 to July 22, 1986. The Administrative Law Judge *784 did not allow introduction of the alleged warnings because these warnings were not given as the reason for appellee’s termination. As correctly stated by the court in Randle v. Administrator, Louisiana Office of Employment Security, 499 So.2d 488 (La.App. 2nd Cir.1986).
“The agency and the courts do not consider the reasons why a claimant might have been discharged, but only the reason or reasons why he was discharged.”
Thus, we find that the evidence was properly excluded.
For the reasons assigned, the judgment of the district court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.