WICKER, Judge.
Kevin D. Crayton, an unemployment compensation claimant, appeals a decision affirming the denial of unemployment compensation by the Board of Review. We affirm.
Crayton was employed by Le Meridien Hotel, which terminated his employment. He filed for unemployment benefits, which were denied based upon R.S. 23:1601(2). That statute provides for disqualification for benefits where the employee was fired for misconduct connected with his employment. An administrative law judge affirmed the decision of the Office of Employment Security, and Crayton appealed the decision to the Board of Review. The Board of Review affirmed, and Crayton asked for judicial review under R.S. 23:1634. The judge remanded the case to the Board of Review for additional evidence. The administrative law judge conducted evidentiary hearings for the Board of Review, and both Crayton and Le Meri-dien presented evidence at these hearings.
The Board of Review articulated its findings.
EVIDENCE
The claimant worked for the named employer as a utility worker from July 25, 1987, until May 3, 1988. His salary rate at the time of separation was $4.65 per hour. On or about May 3, 1988, the claimant left the third floor area of the hotel where he was working and went to the first floor. He did so for the purpose of requesting help, to move some large pots of grease on the third floor.
The claimant originally approached Mr. Toca, a co-worker, and asked him for assistance. Mr. Toca then directed the claimant to his immediate supervisor, Mr. Ayala. The claimant then approached Mr. Ayala and asked him if Mr. Toca could assist him with the moving of the pots of grease on the third floor. Mr. Ayala was not the claimant’s immediate supervisor, nor was Mr. Toca. The claimant maintains that when he asked Mr. Ayala for assistance, Mr. Ayala became extremely upset and angry, at which time Mr. Ayala pushed the claimant telling him to go back to the third floor, since he could not give him any help. Mr. Ayala attested to the fact that the claimant became upset when Mr. Ayala told him he could not give him any additional help and the claimant pushed him at that point. Mr. Ayala stated that the claimant first pushed him, the claim *518 ant contended that Mr. Ayala first pushed him. An argument then ensued between the claimant and Mr. Ayala in the kitchen area. The claimant, during the argument, picked up a wooden mallet and raised the mallet towards Mr. Ayala as if he were going to strike Mr. Ayala with the mallet. Mr. Ayala at no time physically threatened the claimant with any type of weapon or object.
Mr. Toca said that he interceded on behalf of Mr. Ayala and stood between the two during the argument, causing the claimant to lower the wooden mallet and not strike Mr. Ayala. The claimant maintained that he did pick up the mallet and raise it towards Mr. Ayala because Mr. Ayala verbally threatened him. Mr. Ayala denied having threatened the claimant during the incident. Mr. Toca also affirmed the fact that the claimant was not provoked by Mr. Ayala during the incident. As a consequence of the incident, the claimant was terminated.
OPINION
[[Image here]]
The facts in this case do indicate that the claimant was involved in an altercation with his immediate supervisor and was insubordinate in his actions. The claimant has not shown justification for his insubordinate conduct. The evidence in this case does indicate misconduct on the claimant’s part sufficient to deny unemployment benefits. As such benefits should not be allowed.
The Board of Review decided that Cray-ton “was involved in an altercation with his immediate supervisor and was insubordinate in his action” and that he had “not shown justification for his insubordinate conduct.” It found misconduct sufficient to deny unemployment benefits. Crayton once again asked for judicial review, and the district judge reviewed the record and memoranda and affirmed the denial of benefits. Crayton has appealed to this court, arguing that there was insufficient evidence showing that he was fighting with a co-worker.
La.R.S. 23:1601(2) provides that a claimant can be disqualified from receiving benefits “[i]f the administrator finds that he has been discharged ... for misconduct connected with his employment....” The Unemployment Compensation Act provides several levels of review of an initial determination of ineligibility.
We must take the findings of fact of the Board of Review, unless these facts are unsupported by the evidence or there is fraud, and apply to them the law. La.R.S. 23:1634 B; Gaudin Equipment v. Adm’r, Dept. of Labor, 534 So.2d 493 (La.App. 5th Cir.1988). There must be legal, competent evidence to support the board’s factual findings. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). We find neither fraud nor an absence of evidence to support the Board of Review’s findings.
Crayton; Yolanda Brown, Le Meri-dien’s personnel employee; Marcillio Ayala, a fellow employee or supervisor; and Thomas Toca, another fellow employee, testified. We find the testimony to be somewhat confusing and in places it is noted as inaudible, but we have summarized it.
Ayala was a night cleaner and thought he was Crayton’s supervisor the night of the incident. Crayton came to where Ayala was working and asked for help, but Ayala told him he was unable to give him any help. Crayton went to ask Toca, and Toca told him he would have to check with Ayala. Crayton got mad and pushed him. Crayton did not, however, hit or threaten him with the spoon.
Brown testified that this was the first incident of its kind involving Crayton.
Toca told Crayton he couldn’t help him and to talk to Ayala, his supervisor. Toca didn’t see the beginning of the altercation, but he did see Crayton pick up a three-foot-long wooden mallet. Crayton was about to hit Ayala with it when Toca put up his hand to stop Crayton.
Crayton asked Toca for help, and Toca referred him to Ayala. When he asked Ayala for help, Ayala got angry and cursed and verbally threatened him. Ayala was *519 not his supervisor. Crayton admitted picking up the mallet, but he said Ayala pushed him first.
Fighting, or a single, hot-headed incident, standing alone, does not generally constitute the kind of misconduct which warrants disqualification. Randle v. Adm’r, La. Office of Employment Sec., 499 So.2d 488 (La.App. 2d Cir.1986); Brown v. Lockwood, 380 So.2d 685 (La.App. 4th Cir.1980). However, the facts in this case are very similar to those in Kliebert v. Peavey Co., 503 So.2d 141 (La.App. 5th Cir.1987), where the claimant cursed and threatened his supervisor. The district court affirmed the findings of the appeals referee and the Board of Review and disqualified Kliebert from benefits. We reversed, believing that this single hot-headed incident was not disqualifying. The Supreme Court reversed without comment and reinstated the district court judgment. 503 So.2d 1011 (La.1987).
We believe the Supreme Court’s decision in Kliebert to be controlling here. We hold the findings of fact by the Board of Review to be supported by the evidence, and we affirm the decision disqualifying Kevin Crayton from receiving unemployment compensation. Crayton must pay the cost of this appeal.
AFFIRMED.