618 So.2d 597 (1993)
Gloria TONEY, Plaintiff-Appellee,
v.
B.J. FRANCIS, Sr., Administrator of the Louisiana Department of Employment Security and Luv n' Care, Defendants-Appellants.
No. 24744-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*598 J. Jerome Burden, Baton Rouge, Madeleine M. Slaughter, Monroe, for defendants-appellants.
North Louisiana Legal Assistance Corp. by John J. Genova, Monroe, for plaintiff-appellee.
Before SEXTON, NORRIS and STEWART, JJ.
NORRIS, Judge.
The employer, Luv N' Care, appeals a district court judgment which reversed an agency decision to disqualify the claimant, Gloria Toney, for conduct connected with her employment. La.R.S. 23:1601(2). For the reasons expressed, we affirm.

Facts
The claims adjudicator initially disqualified Ms. Toney. She then applied for a hearing before the administrative law judge, who found as follows:
The claimant worked for Luv N' Care from May 23, 1989, until August 3, 1990. She was an assembly line worker at the *599 rate of $3.80 per hour, and was a full-time employee.
On the last day the claimant worked, another employee allegedly hit her in the back as she was passing by. The claimant was drinking a carton of milk at the time, became angry, and threw the milk on the other employee. The other employee then went and got a Coke and poured it down the claimant's back. Following this, a physical confrontation occurred. Both employees were discharged according to company policy for fighting on the premises.
The claimant was discharged from her employment for being involved in a physical confrontation with another employee. Her actions were not in the best interest of her employer. The discharge was for misconduct connected with the employment.
The Board of Review adopted the ALJ's findings and affirmed the disqualification. Ms. Toney applied for judicial review in the district court. The Department of Labor, Office of Employment Security aligned itself with her seeking reversal. They argued, in essence, that her actions were excusable as a "single hothead incident." The employer sought affirmance.
The district court reversed without reasons, but "upon agreement of counsel" and over Luv N' Care's objection. Minutes of Court, June 17, 1992. Luv N' Care now appeals.

Discussion
Judicial review in an unemployment compensation case is limited by La. R.S. 23:1634. The reviewing court must determine (1) whether the findings of fact by the Board of Review are supported by sufficient evidence, and if so, (2) whether the decision of the Board is correct as a matter of law. Thomson v. State, 564 So.2d 756 (La.App. 2d Cir.1990). In the absence of fraud, the Board's findings are conclusive as to the facts of the case, confining judicial review to legal questions only. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
The Board adopted the ALJ's findings of fact; these are not disputed and are supported by sufficient evidence. Our review, therefore, addresses only whether Ms. Toney's termination was for misconduct connected with her employment. La.R.S. 23:1601(2).
For a claimant to be disqualified under this standard, the "misconduct" must have resulted from wilful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful intent or evil design. Jackson v. Administrator, 511 So.2d 1309 (La.App. 2d Cir.1987).
Whether an employee's particular conduct intentionally disregards the employer's interest depends on all the circumstances. Fighting, or a single "hothead" incident, may justify a discharge but does not generally constitute the kind of misconduct that warrants disqualification. Randle v. Administrator, 499 So.2d 488 (La. App. 2d Cir.1986); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985); Brown v. Lockwood, 380 So.2d 685 (La.App. 4th Cir. 1980).
The facts as found by the Board clearly show that it was not Ms. Toney, but Ms. Hubbard, who provoked the altercation. In fact, Ms. Hubbard left the argument but then returned to re-initiate hostilities. (These points are not included in Luv N' Care's brief.) There is no evidence that Ms. Toney had a history of combative or disruptive conduct; she merely reacted imprudently to provocation. The district court was not wrong to view this as a single hothead incident. The evidence supports the conclusion that Ms. Toney's conduct lacked wrongful intent or substantial disregard of Luv N' Care's interest. Jackson v. Administrator, supra.
The district court's application of the law to these facts is not in error.

*600 Conclusion

For the reasons expressed, the judgment is affirmed. Costs are assessed to the appellant, Luv N' Care.
AFFIRMED.