JiCOOKS, Judge.
Sheriff James R. Savoie appeals the district court’s judgment awarding Joe Ann La-bove unemployment compensation benefits. The district court found the sheriffs termination of Ms. Labove unrelated to work misconduct because the termination occurred after the sheriffs re-election campaign and six weeks after the alleged misconduct.
For the following reasons, we affirm the judgment of the district court.
FACTS
This ease arises out of a claim for unemployment compensation benefits by Joe Ann Labove against the sheriff of Cameron Parish, James R. Savoie. Joe Ann Labove was employed as a dispatcher with the Cameron Sheriffs Office for three and one half months prior to her termination. Ms. [2Labove was a probationary employee. Her on-the-job responsibilities included selling hunting licenses and duck stamps. The sheriff adopted a department policy providing that employees were not to remove licenses and stamps from the sheriffs office until they were sold. As standard procedure, purchasers were required to appear at the sheriffs office in person to obtain the licenses or stamps after they provided certain information. Labove’s first month of employment was uneventful, except for occasional complaints that she was rude. Labove consistently denied these accusations; and, she was not disciplined for such acts.
On September 17,1995, at the request of a co-employee, Ms. Labove removed from the sheriffs office several hunting licenses and *628 duck stamps for the admitted purpose of delivering and selling them to visiting dignitaries at a local hunting club. A dispatcher on duty advised Ms. Labove that she was not allowed to remove the licenses and stamps. The dispatcher also suggested that Ms. La-bove consult with her supervisor before proceeding. Nevertheless, Ms. Labove failed to contact her supervisor and proceeded to remove the licenses and stamps from the office. The dispatcher characterized Ms. Labove’s tone of voice throughout the exchange as “snippy and smart aleck.”
The September 17, 1995 incident was reported to the sheriff and he questioned Ms. Labove about her actions. Ms. Labove admitted she removed the licenses from the office. Labove acknowledged she may not have handled the situation correctly and agreed to refrain from repeating such actions in the future. These events occurred during the middle of the sheriffs heated re-)election3 campaign and he feared the termination of Labove would have a negative impact on his campaign. The sheriff elected to keep La-bove in his employ without announcing any real intent to terminate her employment. He did not warn Labove that her job might be in jeopardy or indicate that her agreement not to repeat such conduct in the future was not acceptable. On October 24, 1995, approximately five (5) weeks after his reelection, Sheriff Savoie terminated Ms. La-bove for misconduct allegedly occurring on September 17,1995.
Ms. Labove filed a claim for unemployment compensation benefits, which was denied by the Division of Employment Security. Ms. Labove appealed, and Administrative Law Judge (ALJ) Penny Palermo reversed the decision of the Division of Employment Security. The ALJ held:
“had the claimant been terminated at the time the employer became aware of the situation, the discharge would have been for misconduct connected with the work, however, the employer waited until after a political campaign was completed and the claimant had worked for approximately six (6) additional weeks before taking action.”
The Administrative Law Judge concluded Ms. Labove’s termination was at the convenience of the sheriff and not directly related to her misconduct. Accordingly, she reversed the determination of the agency and awarded Ms. Labove unemployment compensation benefits.
Sheriff Savoie appealed and the Board of Review affirmed the decision of the ALJ. Sheriff Savoie thereupon perfected an appeal to the Thirty-Eighth (38th) Judicial District Court, Parish of Cameron. The case was heard by the Honorable H. Ward Fontenot on May 6,1996. The district court |4affirmed the decision of the Board of Review holding the sheriffs six week delay before terminating Ms. Labove:
“had nothing to do with her job performance. It was unrelated to the continuing discharge of her obligations as an employee; and so, consequently, the subsequent discharge could not be based on or justified by the proffered reasons. The employer is barred from resurrecting the earlier incident as a reason for discharging the employee ...”
The sheriff appeals the district court’s judgment asserting the following assignment of error:
1. The Trial Court, the Board of Review, and the Administrative Law Judge have committed an error of law by imposing upon Sheriff Savoie an unspecified time within which he must discharge an employee, despite the findings in this case that the employer was in fact discharged for misconduct connected with employment.
LAW & DISCUSSION
Our review of unemployment compensation cases is confined to determining only whether the Board of Review’s findings of fact are supported by sufficient evidence and whether the facts warrant the Board’s decision as a matter of law. La. R.S. 23:1634(B); ConAgra Broiler Company v. Gerace, 95-41 (La.App. 3 Cir. 5/31/95); 657 So.2d 391. Here, the Board adopted the findings of the ALJ and held:
“In this case, there was a single act of misconduct by the claimant in three and one-half months of employment. Generally, the Board of Review has held that *629 a single, isolated action — not serious in nature — does not constitute misconduct connected with the separation from employment. Unauthorized removal of documents from a Sheriffs station may be considered ‘serious in nature;’ however, the employing unit did not find it serious enough to remove the claimant until almost six weeks had elapsed. For this reason, the Board of Review cannot find the discharge was for misconduct sufficient in nature to deny Unemployment Insurance | ^benefits.”
Sheriff Savoie contends the district court erred in affirming the Board’s decision because La.R.S. 23:1601 does not impose a time limit within which an employer must discharge an employee for misconduct connected with employment. As support for his contention, Sheriff Savoie cites Atlas Processing Company v. Administrator Department of Employment Security, 584 So.2d 1187 (La.App. 2 Cir.1991).
In Atlas, the employee was fired approximately one month after reporting to work under the influence of alcohol and drugs. The Board of Review and trial court found in favor of the employee because he was not fired immediately. However, the court of appeal found the one month delay did not result from the employer’s decision to overlook the misconduct; but, rather the time delay was necessary to obtain blood alcohol test results and to afford the employee an opportunity to defend himself. The Court held an employer’s delay in terminating an employee is justified if such delay is necessary to investigate the employee’s misconduct. Ms. Labove asserts Atlas is distinguishable from the case in point. We agree. Sheriff Savoie allowed Ms. Labove to remain on the job approximately six weeks after the date of her misconduct; and, he deliberately choose to terminate her only after his reelection in an effort to protect his personal interests. Even after his reelection, the sheriff waited 5 weeks before terminating Labove. The sheriff did not delay to investigate Ms. Labove’s misconduct.
The sheriff correctly notes there is no deadline statutorily enacted within which an employer must discharge an employee. La. R.S. 23:1601 simply | estates an employer has a reasonable amount of time to effect a discharge. Nevertheless, we have held “[misconduct such as to disqualify an employee from receiving unemployment compensation must be employment related.” Marine Drilling Co. v. Whitfield, 535 So.2d 1253 (La.App. 3 Cir.1988).
A violation of an employer’s rule does not per se constitute misconduct sufficient to disqualify a claimant from receiving unemployment benefits. Whether a policy violation warrants withholding unemployment benefits is a question which must be determined not by examining the employer’s rule but by statute. An employer may discharge an at-will employee for any reason, except those prompted by unlawful discriminatory motives. Labove does not dispute the Sheriff’s right to terminate her employment. Cabezas v. Administrator, Division of Employment Security, 557 So.2d 985 (La.App. 4 Cir.1990). However, only misconduct which constitutes intentional and substantial disregard of the employer’s interest will defeat an employee’s entitlement to unemployment benefits. Gobert v. Louisiana Dept. of Emp. Sec., 651 So.2d 508 (La.App. 3 Cir.1995); Morris v. Gerace, 353 So.2d 986 (La.1977); Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1963). This court has repeatedly held “because of the beneficial purpose of unemployment compensation, the term ‘misconduct’ should be construed so as to favor the awarding of benefits rather than disqualification.” Gobert v. Louisiana Dept. of Emp. Sec., supra at 511; Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3 Cir.1991); Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Taco Bell Corp. v. Perkins, 95-225 (La.App. 5 Cir. 9/26/95); 662 So.2d 34. Moreover, an employer contending that a claimant is disqualified frfrom receiving unemployment benefits has the burden of proving willful misconduct by a preponderance of the evidence. Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3 Cir.1991).
On the date of the alleged misconduct, Ms. Labove had been on the job for only two months. The conduct was not initiated by her, but resulted from a co-employee’s request that she retrieve and deliver the licenses and stamps for sale to certain visiting dignitaries. The record indicates President George Bush and Arnold Schwartzneggar were rumored to be among *630 the dignitaries. We believe the excitement of meeting famous individuals could cloud the sound judgment of an inexperienced employee. Ms. Labove promptly returned to the office with the cash proceeds from the out-of-office sales. While Ms. Labove acted irresponsibly, she admitted making an error in judgment; and, she agreed to refrain from similar acts in the future. As noted by the Board of Review, Labove’s single act might have been “serious in nature” and sufficient to justify denying her claim for unemployment benefits. However, the sheriff did not find her alleged misconduct so offensive to his operations that it warranted immediate discharge, and Labove stated he told her to “forget about it.” He decided for no reasons other than his personal interest to allow Labove to remain on the job. We believe his delay was unreasonable under the circumstances and prompted by a motive which does violence to the beneficial purpose of the unemployment act. The trial court did not err legally by affirming the Board of Review decision.
DECREE
For the foregoing reasons, we affirm the judgment of the district 18court and administrative tribunal granting unemployment benefits to defendant/appellee, Joe Ann Labove. All costs of this appeal are assessed to the plaintiffiappellant, Sheriff James R. Savoie.
AFFIRMED.