| .PEATROSS, J.
The district court affirmed the decisions of the Board of Review (“the Board”) and the Administrative Law Judge (“ALJ”) finding that Roderick Lafitte was disqualified under La. R.S. 23:1601(2)(a) from receiving unemployment compensation benefits. Mr. Lafitte appeals in proper person, seeking reinstatement of his benefits. The Department of Labor, Office of Regulatory Services (“the Department”), is aligned with Mr. Lafitte, arguing that the district court’s judgment should be reversed.[1] For the reasons stated herein, we reverse and remand.

FACTS

Mr. Lafitte worked for Reliant Energy Corporation (“Reliant”) from June 19, 2000, to June 6, 2002, as a customer service representative answering telephone calls in the call center. On June 3, 2002, Reliant received a customer complaint that had been lodged with the Arkansas Public Service Commission regarding a call made to Reliant’s customer service department which was received and handled by Mr. Lafitte. The caller alleged that Mr. Lafitte was rude to her when she called Reliant to get her account number. When Mr. Lafitte answered the call from complainant, he informed her that he needed to complete a verification process before he could give her an account number. Reliant’s policy was that, before any information could be disclosed to a caller, certain information regarding the account had to be verified, including social security number, address and phone number on the account. The transcript of the call, which is contained in the record, reveals that the caller became agitated early in the telephone | ¡.conversation and, when asked to verify her address, she verified her street and house number, but refused to verify the city, state and zip code. The caller told Mr. Lafitte that she was standing in the hot sun and needed her account number in order to pay her bill. Mr. Lafitte *235 again attempted to have the caller verify her full address, but the caller became irate. During the remainder of the call, Mr. Lafitte repeatedly explained to the caller that he had to complete the verification process before he could give her the account number and the caller repeatedly demanded the account number or to speak with a supervisor. Mr. Lafitte informed the caller that he would transfer her to a supervisor as soon as he had the required verification information. It is unclear from the transcript how the call was terminated; however, Mr. Lafitte testified that the caller disconnected the call.
Mr. Lafitte also testified that he was required by Reliant’s policy to verify the information, including the city, state and zip code, and a witness for Reliant corroborated that this procedure was correct. Reliant office personnel, however, reviewed the call and determined that it was not handled properly and according to company policy by Mr. Lafitte. Sherita Cooks, Mr. Lafitte’s supervisor, testified that, as a “seasoned” representative, Mr. Lafitte should have handled the caller differently by giving the account number and then verifying the address. Mr. Lafitte, however, submits that he would have been knowingly violating company policy to give the account number prior to completing verification, a violation for which he could have been terminated. In addition, Mr. Lafitte testified that he had been informed by Reliant that representatives were ^transferring too many calls to supervisors; and, therefore, in order to keep from being penalized on his quality assurance score, it was his practice to complete verification on the account prior to transferring a call to a supervisor. Mr. Lafitte was ultimately discharged for the stated reason that he was “mishandling customer service calls.”
After his termination, Mr. Lafitte applied for unemployment compensation. The Department of Labor (“the Department”) determined that Mr. Lafitte was discharged because of his “inability to meet the employer’s requirements.” No misconduct was found and no disqualification assessed and Mr. Lafitte began receiving benefits. Reliant appealed. On July 31, 2002, a hearing was held before the Appeals Tribunal on the issue of whether mishandling customer service calls is misconduct connected with the employment under La. R.S. 23:1601. Finding that Mr. Lafitte’s handling of the call was “misconduct” connected with his employment, the ALJ reversed the decision of the Department and assessed a disqualification from benefits.
Mr. Lafitte appealed this decision to the Board of Review, which affirmed the ALJ’s decision, with two dissenters opining that the employer failed to show misconduct as contemplated by the statute. Mr. Lafitte then appealed the Board of Review’s decision to the First Judicial District Court. The district judge affirmed the Board of Review’s decision without written reasons.[2] This appeal by Mr. Lafitte ensued.

DISCUSSION

Judicial review in an unemployment compensation case is limited by La. R.S. 23:1634. The reviewing court must determine (1) whether the findings of fact by the Board of Review are supported by sufficient evidence, and, if so, (2) whether the decision of the Board is correct as a *236 matter of law. Toney v. Francis, 618 So.2d 597 (La.App. 2d Cir.1993). In the absence of fraud, the Board’s findings are conclusive as to the facts of the case, confining judicial review to legal questions only. Id., citing Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
In the case sub judice, the Board accepted the ALJ’s findings of fact and these are not disputed. We, therefore, review only the legal question of whether or not Mr. Lafitte’s conduct constitutes misconduct connected with his employment under La. R.S. 23:1601 so as to disqualify him from receiving unemployment benefits.
La. R.S. 23:1601(2)(a) provides, in pertinent part, as follows:
If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.
The jurisprudence has consistently interpreted misconduct to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a direct disregard of standards of behavior that the employer has a right to expect from his employee, or negligence in such a degree or recurrence as to manifest culpability, wrongful interest or | fievil design or show an intentional and substantial disregard of the employee’s duties and obligations to the employer. Banks v. Administrator of the Department of Employment Security of the State of Louisiana, 393 So.2d 696 (La.1981); Wood v. Louisiana Department of Employment Security, 25,545 (La.App.2d Cir.2/23/94), 632 So.2d 899, citing Charbonnet v. Gerace, supra; Hardeman v. Blache, 605 So.2d 671 (La.App. 2d Cir.1992); Lowery v. Whitfield, 521 So.2d 815 (La.App. 2d Cir.1988); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985); Simmons v. Gerace, 377 So.2d 407 (La.App. 2d Cir. 1979). The supreme court has held that an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct; an intent to do wrong must be present. Banks, supra. Further, appellate court decisions have found that unsatisfactory work, without the intent to do wrong, is not misconduct under 23:1601. Lowery supra; Simmons, supra; Thomas v. Blache, 488 So.2d 1282 (La.App. 4th Cir.1986).
A violation of an employer’s rule does not per se constitute misconduct sufficient to disqualify a claimant from receiving unemployment benefits. Whether a policy violation warrants withholding unemployment benefits is a question which must be determined not by examining the employer’s rule, but by statute. Robinson v. Brown, 129 So.2d 45 (La.App. 2d Cir.1961); Savoie v. Labove, 96-952 (La.App. 3d Cir.3/5/97), 692 So.2d 626.
The unemployment statute must be liberally construed to serve its remedial purpose. Wood, supra, citing Parker v. Gerace, 354 So.2d 1022 (La.1978). Thus, misconduct must be construed so as to favor the awarding of benefits rather than disqualification. Id., citing Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3d Cir.1991); Savoie, supra. The employer has the burden of proving by a preponderance of the evidence that a discharge resulted from disqualifying misconduct. Banks, supra; Hardeman, supra.
Mr. Lafitte argues that Reliant did not meet its burden of proving by a preponderance of the evidence that he was discharged for misconduct. He submits that *237 the finding that his actions constitute misconduct connected with the employment is incorrect as a matter of law. According to Mr. Lafitte, failure to handle an irate caller in a more “customer-friendly” manner, absent a willful or wanton disregard for Reliant’s interests or an intentional, deliberate violation of Reliant’s rules, does not constitute disqualifying misconduct. The Department aligns itself with Mr. Lafitte on appeal, concluding that Mr. Lafitte was trying to follow company policy by completing the verification process as he had been trained to do. According to the Department, at most, Mr. Lafitte’s conduct could be construed as inadequate job performance and the inability to control an irate customer, but is not the kind of willful misconduct that would disqualify him from benefits under the statute. We agree with Mr. Lafitte and the Department.
Mr. Lafitte was trying to follow Reliant’s written policy regarding verification of information on which he had been extensively trained. At the hearing, it was suggested by Reliant’s witness that Mr. Lafitte could have prompted the caller with the city and state and then asked her to agree 17with the information as an alternative tactic to verify the information. A reading of the transcript of the call, however, reveals that Mr. Lafitte did prompt the caller with the city and state, but she was irrational at that point and would not verify the information. Reliant determined that Mr. Lafitte’s handling of the remainder of the call was inappropriate and unsatisfactory. Mr. Lafitte agreed in his testimony that, in hindsight, he could have handled the situation differently. In any event, while the mishandling of the call may provide a justifiable basis for discharge, it does not rise to the level of disqualifying misconduct. There is no evidence of any intent on the part of Mr. Lafitte to act in contravention of any Reliant policy or interest, nor is there any evidence that his actions were in willful or wanton disregard of Reliant’s interest. He explained to the court that there are many different tactics a representative may use in trying to defuse and accommodate frustrated callers and that it is a trial and error process. At most, Mr. Lafitte may have used poor judgment handling this particular caller. This is an issue of job performance and ability, not intentional misconduct warranting disqualification from unemployment benefits.[3]
In summary, the case sub judice is simply a situation where an employee was fired because he was unable to perform the job for which he was hired to the expectations of the employer. As such, Mr. Lafitte breached the implicit “qualification of employment” justifying his discharge, but the jurisprudence uniformly holds that substandard ^performance or incompetence does not rise to the level of disqualifying misconduct. Wood, supra. Since we agree with the Department’s initial assessment that there was no disqualifying misconduct connected with Mr. Lafitte’s employment regarding his discharge, we reverse the judgment of the district court and remand for the determination and reinstatement of benefits due Mr. Lafitte.

DECREE

For the foregoing reasons, the judgment of the trial court is reversed. It is now *238 ordered, adjudged and decreed that the Board of Review, Office of Regulatory Services, State of Louisiana, issue an order directing payment to Appellant, Roderick D. Lafitte, of the unemployment benefits to which he is entitled. The employer, Reliant Energy Resource Corporation, is cast for all costs.
REVERSED AND REMANDED.

. The employer, Reliant Energy Corporation, did not file a brief on appeal.

. We note that the judgment appealed from incorrectly states that the evidence was found to be in favor of the State of Louisiana Department of Labor, Office of Regulatory Services, but then correctly states that the judgment affirms the finding of the Board of Review and that Mr. Lafitte was disqualified from receiving unemployment benefits.

. We note Ms. Cooks testified that she had counseled Mr. Lafitte on prior occasions regarding improvement of his "soft skills” or handling of customer complaints tactfully and respectfully. She also testified, however, that Mr. Lafitte was capable of providing quality customer service and that she had complimented him in the past when he exhibited such service to customers.