WILLIAMS, J.,
dissenting.
| because the employer failed to satisfy its burden of proving intentional wrongdoing by the claimant, I respectfully dissent.
The employer bears the burden of proving by a preponderance of the evidence that the discharge resulted from disqualifying misconduct. Banks v. Administrator, Dept. of Employment Security, 393 So.2d 696 (La.1981); Brinson v. Adminis *692 trator, Div. of Employment Security, 34,-988 (La.App.2d Cir.8/22/01), 793 So.2d 552. A violation of an employer’s rule does not per se constitute misconduct sufficient to disqualify a claimant from receiving unemployment benefits. Whether a policy violation warrants withholding unemployment benefits is a question which must be determined not by examining the employer’s rule, but by applying the statute. Bowden, supra; Lafitte v. Reliant Energy Resource Corp., 37,709 (La.App.2d Cir.10/17/03), 859 So.2d 233.
As this court has previously noted, the jurisprudence in this circuit continues to follow Banks, supra, in requiring that an employer trying to prove misconduct show either intentional wrongdoing, a deliberate violation of the employer’s rules, or negligence amounting to a substantial disregard of the employer’s interest by the employee. Johnson v. Dykes Oil Co., 46,462 (La. App.2d Cir.8/10/11), 72 So.3d 418; Delta American Healthcare, Inc. v. Burgess, 41,-108 (La.App.2d Cir.5/17/06), 930 So.2d 1108. The unemployment statute must be liberally construed to serve its remedial purpose. Bowden, supra.
In the present case, DeLaune testified that she terminated the claimant for leaving medication unsecured in a resident’s room and that claimant |2knew such an action was against company policy. De-Laune stated that leaving medication unattended in a resident’s room was a critical offense which justified claimant’s immediate discharge. In testifying at the hearing, the claimant acknowledged leaving the medication at the patient’s bedside. The claimant testified that she had not intended to leave the area before giving the medicine to the patient. However, as the only person on duty at the 200-patient facility who was qualified to replace a patient’s tracheotomy tube, the claimant was required to respond to the emergency call on another floor and left the medication behind.
As the supreme court stated in Banks, supra, an employee can be unsatisfactory to the employer without committing disqualifying misconduct; an intent to do wrong must be present. The ALJ’s factual finding that claimant violated Nurse-care’s procedures by leaving medication unsecured in a patient’s room to respond to an emergency is supported by the record in this case. However, this factual finding demonstrates that the claimant’s failure to secure the medication was inadvertent and does not support the ALJ’s legal conclusion that the claimant wilfully disregarded the employer’s policy. To the contrary, the testimony indicates that the claimant was acting in conformity with the policy up to the point her routine was disrupted by the emergency call.
This case does not involve a situation in which the claimant had been previously warned about the need to safeguard medication and then failed to follow the employer’s instruction. Nor does the claimant’s conduct show a wanton disregard for Nursecare’s interests. The record demonstrates that | <¡for a number of years, claimant worked on weekends as the only RN on duty. In addition, claimant testified that she had tried to perform her job duties to the best of her ability.
Based upon the evidence presented, the employer failed to satisfy its burden of proving an intent to do wrong on the part of claimant. Although claimant’s work performance may have provided a justifiable basis for discharge, her actions do not constitute disqualifying misconduct given, the lack of evidence of intentional wrongdoing. Consequently, the trial court erred in affirming the Board’s determination disqualifying claimant from receiving unemployment compensation benefits. Accordingly, I would reverse the judgment and *693 remand for an administrative determination of the unemployment benefits due the claimant.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, LOLLEY, PITMAN and GARRETT, JJ.
Rehearing denied.
WILLIAMS, J., would grant rehearing.