FRED W. JONES, Jr., Judge.
Franks appealed a district court judgment affirming a ruling by the Board of Review of the Louisiana Division of Employment Security disqualifying him from continuing to receive unemployment compensation benefits. For the reasons hereinafter explained we reverse and remand.
The claimant Franks was employed full-time with FabSteel, Inc. of Shreveport before being laid off early in 1983. At that time he began receiving weekly unemployment compensation benefits. In April 1983 Franks accepted parttime employment as a stock clerk with Montgomery Ward, for which he was paid from $25 to $30 per week.
Giving two weeks notice to Montgomery Ward of his decision to terminate the employment, Franks left with this explanation:
“I quit the parttime job with Montgomery Ward on 7-8-83 because I have no one to keep my child. My wife is working and there was a hardship on finding child care with both of us working.” Subsequently, Franks was notified that
his unemployment compensation benefits relating to his employment with FabSteel, Inc. were being terminated for this reason:
“You left your employment to stay at home to care for your child/children. You left your employment for a good personal reason, but not for good cause connected with the employment.”
Both the appeals referee and the Board of Review of the Louisiana Department of Employment Security agreed that Franks had not left his employment with Montgomery Ward for good cause connected with that employment. Therefore, the ruling that unemployment benefits connected to his job with FabSteel, Inc. terminated was affirmed. This reasoning was repeated by the district court, resulting in the judgment on appeal to this court.
Apparently neither the involved administrative agencies nor the district court noted the law defining “unemployed” for purposes of determining entitlement to unemployment compensation benefits. It provides that an individual shall be deemed “unemployed” in any week of less than fulltime work if the wages payable to him with respect to such week are less than his weekly benefit amount. La.R.S. 23:1472 (19)(a). Furthermore, in no case shall the employee be required to accept remuneration from any employer at a level below sixty percent of his highest rate of pay in his base period. La.R.S. 23:1601 (3)(a).
Franks was receiving substantially more in unemployment benefits than his weekly payments by Montgomery Ward for the parttime work. Consequently, he continued to be “unemployed”, under the law cited above, for purposes of determining entitlement to unemployment compensation benefits. It follows that termination of his job with Montgomery Ward had no effect on claimant’s eligibility to continue receiving unemployment compensation benefits relating to the previous employment with FabSteel, Inc., since he was “unemployed” for unemployment compensation purposes though, in fact, working parttime. Therefore, as a matter of law the administrative agencies and the district court erred in holding to the contrary.
For these reasons we reverse the judgment of the district court; render judgment in favor of claimant, William C. Franks, and against the Louisiana Department of Employment Security, declaring that claimant is entitled to continue receiving unemployment compensation benefits in connection with his former employment with Fab-Steel, Inc.; and remand the case to the Board of Review of the Department of *701 Employment Security for entry of an appropriate order consistent with this opinion.