GOTHARD, Judge.
This is a suit for judicial review of an administrative determination that defendant is entitled to unemployment compensation. LSA-R.S.23:1634.
Defendant, Janice Akins, was employed by the plaintiff Jefferson Parish Attorney’s Office as a clerk typist II for six years. She was fired on January 21, 1986. The Louisiana Department of Employment Security denied unemployment compensation on finding that Ms. Akins was discharged for excessive absences and tardinesses, insubordination, unauthorized absence, and was discharged for misconduct connected with her employment. Ms. Akins appealed the determination to an appeals referee of the Department. Following a hearing thereon, the referee upheld the disqualification finding that Ms. Akins had been discharged due to her absence without authorization. Ms. Akins then appealed the referee’s decision to the board of review of the Department, which reversed the referee’s decision stating that Ms. Akins “... was absent from her employment due to a disaster ... [h]er home was flooded and became unliveable_ She properly notified the employer of the absence ...” The board concluded that there was a lack of evidence of deliberate misconduct on Ms. Akins’ part, and reinstated benefits. The district court affirmed, without reasons, the board’s determination. This appeal followed.
Janice Akins worked full time, days and hours as scheduled, earning $916 monthly. Her immediate supervisor was Mary Kunk-el. Ms. Akins’ services were evaluated yearly by her supervisor and an annual pay raise given accordingly. In 1985, her evaluation was deferred from July to October in company with a warning from Ms. Kunk-el that she improve her absenteeism and tardinesses or her position in the office would be in jeopardy. In October, Hurricane Juan devastated parts of Jefferson Parish with flood waters, including the area where Ms. Akins lived, and caused her to miss several days of work. When she returned, Ms. Akins told Ms. Kunkel that she would need additional time off once her *1145 home was repaired in order to clean up and move back in. She was not denied permission and was told to request leave when needed. After the repairs were completed, Ms. Akins notified her supervisor through her secretary, and was absent from work from January 2 through January 8 during which time she readied her house for her move back into it. After returning to work on January 9, she was called into the office of her division supervisor, Denis Ganu-cheau, and in the presence of Ms. Kunkel, to discuss her absences from work, which she was then told were unexcused. Both Mr. Ganucheau and Ms. Kunkel testified that during this meeting, Ms. Akins walked out without explanation, which they felt constituted insubordinance, and which prompted their immediate recommendation that she be fired. Ms. Akins testified that she walked out after Mr. Ganucheau terminated the meeting. Ms. Akins was allowed to work until January 21 and then was fired.
The issue before this court is whether the decision of the board of review to reinstate compensation benefits was based on legally sufficient evidence made in the absence of fraud.
LSA-R.S. 23:1601 provides that:
“An individual shall be disqualified for benefits:
[[Image here]]
“(2) If the administrator finds that he has been discharged ... for misconduct connected with his employment ...”.
The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. Banks v. Administrator of Dept, of Employment, 393 So.2d 696 (La.1981). The factual findings of the administration and the board of review as to this issue, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. LSA-R.S. 23:1634.
The word misconduct in LSA-R.S. 23:1601 is used to connote intentional wrongdoing. Thus an employee can be unsatisfactory to an employer without being guilty of disqualifying misconduct. An intent to do wrong must be present. Banks, supra. Because of the beneficial purpose of unemployment compensation (LSA-R.S. 23:1471), the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification. Charbonnet v. Gerace, 457 So.2d 676 (La. 1984). Here, the evidence shows that the flooding of Ms. Akins’ home caused her absences in early January. The absences were properly notified to her employment and were not denied. Ms. Akins was neither warned that these absences would be considered unexcused, nor that they would result in her discharge. Other employees in a similar situation had taken leave without being fired. Based on these circumstances, we conclude, as did the board of review, that Ms. Akins’ absences necessitated by the flood do not constitute disqualifying “misconduct” under LSA-R.S. 23:1601.
We further hold to be without merit the appellant’s allegations that the board’s determination was legally insufficient because it ignored the appellee’s insubordinance when questioned about her absences on January 9, and ignored her absences and tardinesses prior to those necessitated by the flood. These allegations were presented and tried before the referee. Neither the referee nor the board noted either allegation as a basis for the determination whether Ms. Akins was eligible to receive unemployment compensation, obviously being of the opinion that it was unnecessary to this question. We agree.
Ms. Akins’ alleged insubordination, even if believed, was not of the type of intentional wrongdoing which would disqualify her from benefits. Compare, Dorsey v. Administrator, Louisiana Dept., Etc., 353 So.2d 363 (La.App.Cir. 1,1977), writ denied, 355 So.2d 549. (Employee’s abusive conduct towards supervisor in sight of customers constituted misconduct.)
Similarly, any tardinesses or absences prior to October, 1985 are too removed from Ms. Akins’ discharge on January 21, 1986 to support a finding of disqualifying misconduct. Compare, Neal v. Whitfield, *1146 476 So.2d 911 (La.App.Cir. 2 1985). (Chronic absenteeism of the employee from work without notice and without permission constitutes willful disregard of the employer’s interest amounting to “misconduct”).
Accordingly, the judgment of the district court upholding, on judicial review, the decision of the Louisiana board of review of the Department of Employment Security removing claimant Janice Akins’ prior disqualification for employment security benefits is affirmed.
AFFIRMED.
KLEIBERT, J., concurs.
BOWES, J., dissents.