KLIEBERT, Judge.
This is an unemployment compensation case. The administrator and appeals tribunals of the Office of Employment Security ruled William E. Billingsley, Jr. was disqualified from receiving unemployment compensation benefits because he was not “unemployed” as contemplated by the Unemployment Compensation Act and the Administrative Regulation 38. The district court reversed the prior rulings and remanded the case for computation of weekly benefits. The administrator appealed but did not favor us with oral argument. We affirm the judgment of the trial court.
Billingsley was laid off from his full-time employment as a salesman for Stereo Village, Inc. on January 11, 1987. He continued to work part-time maintaining company vehicles for Billingsley & Associates at a salary of twenty dollars per week. Bill-ingsley’s application for unemployment compensation benefits was rejected because his father was the principal officer and stockholder of Billingsley & Associates. The disqualifying provisions relied oh by the administration were LSA-R.S. 23:1472(19)(a), (c) and Regulation 38. In essence, these provisions provide that a claimant will not be considered unemployed for the purpose of receiving benefits where the employment unit (personal or corporate) causing the termination of claimant’s employment are related (in the manner stated in the act) to the claimant, unless it is shown to the satisfaction of the administrator that there were valid grounds (as defined in the regulations) for the termination.
Here the trial court did not express its reasons for reversing the rulings of the administrator. We note, however that the factual findings of the administrator and the board of review, if supported by sufficient evidence and in the absence of fraud, are considered conclusive, and the jurisdiction of the courts is confined to questions of law. See LSA-R.S. 23:1634; Jefferson Parish District Attorney v. Whitfield, 515 So.2d 1143 (5th Cir.1987) writ denied 519 So.2d 146 (La.1988). In the present case the facts are not in dispute. The dispute here concerns the proper result upon application of the law to the facts.
The obvious goal of the legislature in enacting LSA-R.S. 23:1472(19) is to curtail abuse of the unemployment compensation fund by individuals who, through their relation by blood or marriage to principal stockholders and officers of an employment unit, are able to obtain benefits via layoffs at convenient intervals. To this end individuals related to the requisite degree must submit proof to the administrator that a layoff was precipitated by economic rever *828 sals suffered by the employing unit. By applying LSA-R.S. 23:1472(19) and Regulation 38 to the present situation the administrator erred.
Billingsley was never employed for more than four hours per week by Billings-ley & Associates. This limited, part-time employment did not disqualify him from receiving unemployment compensation benefits when he was laid off by his full-time employer, Stereo Village, Inc. See LSA-R. S. 23:1472(19)(a); Franks v. Administrator, Department of Employment Security, 493 So.2d 699 (2nd Cir.1986). Billings-ley’s claim for benefits arises out of his former full-time employment with Stereo Village, Inc. rather than his part-time employment with Billingsley & Associates. Application of LSA-R.S. 23:1472(19) and Regulation 38 under these circumstances is unwarranted and would impose unjustifiable hardship on Billingsley. The unemployment compensation fund is not being manipulated by Billingsley.
The trial court judgment reversing the ruling of the administrative agencies is affirmed.[1]
AFFIRMED

. The administrator cannot be cast for costs of the proceedings. LSA-R.S. 23:1548. Nor can a claimant be cast for costs absent a frivolous suit. LSA-R.S. 23:1692. No costs may be assessed in the present case.