850 So.2d 941 (2003)
Carey M. MARCHAND, Plaintiff-Appellant,
v.
Garey FORSTER, Administrator Defendant Appellee State of Louisiana Department of Labor and Dance Tech, Inc., Defendant-Appellee.
No. 37,222-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
*942 Robert C. Oetjens, for Appellant.
Norbert C. Rayford, Baton Rouge, for Appellee, State of Louisiana Department of Labor and Garey Forster.
Clarence F. Favret, III, for Appellee, Dance Tech, Inc.
Before BROWN, WILLIAMS and CARAWAY, JJ.
WILLIAMS, J.
The claimant, Carey M. Marchand, filed a petition for judicial review of a decision of the Louisiana Department of Labor ("LDOL") Board of Review affirming an administrative law judge's denial of his request for unemployment compensation benefits. The district court affirmed the decision of the Board of Review and claimant appealed. For the reasons assigned below, we find no manifest error in the board of review's finding that claimant's separation from his part-time employment was not for "good cause." However, we *943 remand this case to determine claimant's eligibility for benefits.

FACTS
Carey Marchand worked for Dance Tech, Inc. as a part-time lighting technician from December 18, 2000 through April 22, 2001. He worked three to four shifts a week operating dance floor lighting from 10:30 p.m. until about 2:30 a.m. the following morning. Prior to January 1, 2001, the establishment was operated by a previous owner unidentified by name anywhere in the record. Marchand was paid $50.00 per shift, which he took home without any tax withholding. When Dance Tech assumed operations on January 1, 2001, they adopted payroll practices which included withholding payroll taxes from their employees' paychecks. This reduced Marchand's take home pay from $50.00 per shift to a lower figure not specified in the record. Accordingly, Marchand asked for a pay raise which would allow him to continue receiving $50.00 in take home pay per shift. When he was denied the raise, he gave his two-weeks notice. On April 11, 2001, prior to the expiration of the two-weeks notice that he had given, Marchand quit his employment with Dance Tech altogether.
Marchand had also been employed full-time by Gunter Farms, Inc. which ceased operations due to bankruptcy in February of 2001. The record contains no evidence of when Marchand left the employment of Gunter Farms, Inc., the circumstances under which he left or his rate of pay during his employment.
On June 10, 2001, Marchand filed a claim for unemployment compensation benefits. Either at the time of or after filing his claim, Marchand was asked to fill out a form provided by the LDOL which requested that he provide the following information:
ANSWER THE FOLLOWING QUESTIONS CONCERNING YOUR SEPRATION FROM THE EMPLOYER LISTED BELOW.
The employer listed on the form is Dance Tech, Inc. LDOL also forwarded a notice of claim to Dance Tech on June 13, 2001, informing them of the claim for benefits made by Marchand. The record contains no evidence that Gunter Farms, Inc. was ever notified of the claim made by Marchand. The record is unclear as to why this evidence was omitted.
On July 5, 2001, the LDOL denied Marchand benefits on the ground that he left his employment to attend school and not for a good cause attributable to a substantial change made to the employment by his employer. Marchand appealed the denial. The appeal was heard by Administrative Law Judge James C. Jones on July 26, 2001, at which time Marchand testified regarding the circumstances under which he left Dance Tech. Dance Tech's general manager, Philip Marino, participated at the appeal hearing by telephone.
On July 31, 2001, the administrative law judge ("ALJ") affirmed the decision of LDOL denying benefits to Marchand. Thereafter, Marchand appealed to the LDOL Board of Review, which affirmed the decision of the ALJ on September 7, 2001.
Marchand subsequently filed a petition for judicial review in the district court. The petition asserts not only that the ALJ and board of review erred in denying him benefits on the basis that Gunter Farms, Inc. was the sole base-period employer for the purposes of unemployment compensation benefits, but also that the ALJ erred in finding that he resigned from Dance Tech to attend school. After a hearing, the district court issued reasons for judgment, affirming the board of review's decision *944 which affirmed the denial of benefits by the ALJ. This appeal followed.

DISCUSSION
Appellant argues that the district court erred in affirming the board of review's decision to affirm the denial of unemployment benefits under LSA-R.S. 23:1601(1). This statutory provision, which served as the basis for the initial denial of benefits by the LDOL and was affirmed in all subsequent administrative and judicial review, provides in pertinent part:
An individual shall be disqualified for benefits:
(1)(a) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause attributable to a substantial change made to the employment by the employer.
In applying this disqualification provision LDOL determined that Marchand left his employment with Dance Tech on April 11, 2001, without good cause attributable to a substantial change made to the employment by the employer. To the contrary, the administrative law judge and the board of review found that Marchand left his employment with Dance Tech to attend school.
On appeal, Marchand contends the finding is unsupported by the evidentiary record and, even if it is supported, his voluntary departure from Dance Tech without good cause is not a basis for denying him unemployment benefits because his unemployment from his full-time job with Gunter Farms, Inc. should have been taken into consideration.
Evidentiary Support for Finding that Marchand Left Employment Without Good Cause
Marchand contends that the ALJ and the board of review were in error in determining that he left his employment with Dance Tech to attend school. While he admits that he was going to leave the job in late May to begin attending school, he denies that was the reason he left on April 11, 2001, approximately six weeks earlier than he had previously planned. Instead, Marchand claims he left because Dance Tech had reneged on a promise to increase his pay, because his nightly shift had been increased by an hour without an increase in pay and because Dance Tech had implemented new guidelines.
Our appellate review in this matter is expressly limited to questions of law. LSA-R.S. 23:1634(B). In the absence of fraud, the findings of the review board are conclusive as to the facts of the case if supported by sufficient evidence. LSA-R.S. 23:1634(B); King v. Tangipahoa Parish Police Jury, 96-0934 (La.App. 1st Cir.2/14/97), 691 So.2d 194. Courts may not disturb factual findings of the review board when questions of weight and credibility are involved and when the conclusions are supported by sufficient evidence. Judicial review of the findings of the review board does not permit weighing of the evidence, drawing of inferences, re-evaluation of evidence or substituting views of the court for that of the review board as to the correctness of the facts presented. Lewis v. Administrator, 540 So.2d 491 (La.App. 1st Cir.1989). Therefore, we must determine whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the review board's decision. Landry v. Shell Oil Co., 597 So.2d 521 (La. App. 1st Cir.1992).
A claimant for unemployment benefits who has voluntarily left his employment bears the burden of proving by a preponderance of the evidence that he left his job for good cause attributable to a substantial change made to the employment *945 by the employer. Guillot v. Arbor Group, LLC, 34,469 (La.App.2d Cir.3/2/01), 781 So.2d 864. After reviewing the transcript of the hearing before the ALJ and the exhibits considered therein, we find that the evidence supports the findings of fact of the ALJ that Marchand failed to meet that burden.
While the ALJ and the review board found that Marchand left Dance Tech to attend school, we need not agree as to the accuracy of that particular finding to conclude that Marchand failed to meet his burden. The testimony of Marchand reflects his dissatisfaction with Dance Tech's withholding of payroll taxes, a practice apparently not employed by the previous owner of the business, as the basis for his departure. He admits his rate of pay did not change, but his take home pay had been reduced by the new payroll practices. When the employer refused to give him a raise to elevate his take home pay to the pre-withholding levels, he gave his two-weeks notice. We refuse to recognize an employer's practice of making appropriate tax withholdings from their employee's paycheck as a "substantial change" to employment constituting "good cause" for leaving that employment. Nor is an employer's failure to give an employee a raise after three months of employment a substantial change.
On appeal, Marchand has also listed the new guidelines adopted by the employer and an alleged increase in the duration of his shift as "good cause" for leaving the employ of Dance Tech. The record presented to the ALJ and upon which we must conduct our review is devoid of any evidence regarding these allegations and, accordingly, we find them to be without merit. Therefore, we detect no manifest error in the factual findings of the ALJ and board of review in this regard.
Whether Marchand's Voluntary Departure from Dance Tech, Inc. Should Disqualify him from Receiving Unemployment Benefits?
Marchand argued before the district court that as a matter of law the factual finding regarding his departure from employment with Dance Tech, a part-time employer, cannot be used to disqualify him from benefits to which he is entitled as a result of his separation from Gunter Farms, his full-time employer. In support of this argument, Marchand cites this Court's opinion in Franks v. Administrator, Department of Employment Security, 493 So.2d 699 (La.App. 2d Cir.1986).
In Franks, supra, this court held that the definition of "unemployment" as set forth in LSA-R.S. 23:1472(19)(a) deems an individual to be unemployed for the purposes of determining eligibility for compensation benefits "in any week of less than fulltime work if the wages payable to him with respect to such week are less than his weekly benefit amount." Id., at 700. The court concluded that the claimant was still unemployed for the purpose of receiving benefits, even though he was working part-time, because his pay for such work was substantially less than his weekly benefit amount. Consequently, we concluded that voluntary separation from such part-time employment "had no effect on claimant's eligibility to continue receiving unemployment compensation benefits." Id.
Likewise, Marchand has argued that his eligibility for receiving unemployment compensation benefits as a result of his separation from employment with Gunter Farms, Inc. should not be affected by his voluntary separation from employment with Dance Tech, whether or not good cause existed for the latter separation. The district court declined to address the merits of that argument noting that its *946 role was to review the proceedings below and that the issue of eligibility for benefits under the Gunter Farms employment had not been properly placed before the ALJ and Board of Review.
We, likewise, cannot address on the record before us the merits of the argument made on the basis of this court's holding in Franks, supra. The premise of the argument made by Marchand is that he made a claim for unemployment benefits as the result of his separation from employment from Gunter Farms and that he met the requirements of eligibility for such benefits as outlined in LSA-R.S. 23:1600. Consequently, he alleges that the department erred in disqualifying him from receiving those benefits on the basis that he voluntarily left his employment with Dance Tech, his part-time employer. The veracity of this premise lies at the core of whether there is any merit to this assignment of error.
LSA-R.S. 23:1600 sets forth the requirements for an unemployed individual to be eligible to receive benefits. The first among these is that he make a claim for benefits in accordance with the provisions of LSA-R.S. 23:1621 and LSA-R.S. 23:1622. Those statutes provide as follows:
§ 1621.
Each employer shall post and maintain in places readily accessible to individuals performing services for him printed statements concerning benefit rights, claims for benefits, and such other matters relating to the administration of this Chapter as the administrator may by regulation prescribe. Each employer shall supply to such individuals copies of such printed statements or other materials relating to claims for benefits when and as the administrator may by regulation prescribe. Such printed statements and other materials shall be supplied by the administrator to each employer without cost to the employer.
§ 1622.
Claims for benefits shall be made in accordance with the provisions of this Chapter and such regulations as the administrator may prescribe.
The Chapter to which LSA-R.S. 23:1622 refers makes little reference to how an initial claim for benefits is made other than the fact that it is to be "taken" by "[a]n agent designated by the administrator." LSA-R.S. 23:1624. It is presumed the details regarding the manner in which claims are to be made are contained in departmental regulations not before this court.
Throughout all the administrative review channels and the initial judicial review before the district court, this matter has been discussed in the context of Marchand's employment with Dance Tech. Whether this was a result of Marchand's failure to properly make a claim under LSA-R.S. 23:1622 for benefits resulting from his separation from Gunter Farms is not evident from the record. Consequently, it is also unknown whether Marchand was eligible for unemployment compensation as a result of his separation from employment with Gunter Farms, and, if so, what his weekly benefit amount would have been.
It is clear that as early as the first administrative appeal before the ALJ, Marchand referred to his employment with Gunter Farms and expressed disbelief at the objections of Dance Tech in stating the following:
I mean, thesethis won't even go against Dance Tech Inc [sic] because I had only worked for them for less than four months, that quarter's even kicked out.
*947 If Marchand made an appropriate claim for unemployment compensation as a result of his separation from employment with Gunter Farms, a determination for his eligibility for benefits thereunder and in what amount is pivotal to whether Marchand's departure from Dance Tech would serve as a disqualifying event. If, on the other hand, Marchand's claim was not in accordance with the appropriate statutes and regulations for making a proper claim against Gunter Farms, and was instead made against Dance Tech, then the disqualification was correct as a matter of law.
We believe that the ends of justice would be best served by remanding this matter to the board of review for the receipt of evidence on the question of whether a claim, as defined by statute and administrator prescribed regulations, was properly made by Marchand for unemployment compensation benefits resulting from his separation of employment with Gunter Farms, Inc. If the board of review determines that a proper claim was made, then it shall also make a determination with regard to the weekly benefit amount due, and whether the previous factual findings regarding Marchand's departure from Dance Tech disqualify him from receiving that weekly benefit amount.

CONCLUSION
For the reasons herein assigned, we find no manifest error in the factual finding of the ALJ and LDOL Board of Review that Marchand failed to establish that he left his employment with Dance Tech for good cause attributable to a substantial change made to the employment by Dance Tech. We remand the matter to the LDOL Board of Review for a determination of whether Marchand made a proper claim for benefits as a result of his separation from employment with Gunter Farms, Inc. and, if so, for a further determination of what his weekly benefit would be and whether the facts surrounding his departure from Dance Tech serve to disqualify him from receiving those benefits.
REMANDED.