917 So.2d 684 (2005)
Roderick D. LAFITTE, Plaintiff-Appellant,
v.
RUTHERFORD HOUSE, INC., Defendant-Appellee.
No. 40,395-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*685 Roderick D. Lafitte, In Proper Person.
Cynthia T. Batiste, for Appellee, Louisiana Department of Labor.
Booth, Lockard, Politz, LeSage, Hayter & Odom by Bennett L. Politz, Shreveport, for Appellee, Rutherford House, Inc.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
Plaintiff seeks reversal of the trial court's judgment affirming the decision of the Board of Review for the State of Louisiana, Office of Regulatory Services, disqualifying him from receiving unemployment benefits. For the reasons set forth below, we affirm the trial court's judgment.

Facts
Appellant, Roderick D. Lafitte ("Lafitte"), had been employed by Rutherford House, Inc. ("RHI") at its Curfew Center as a full-time direct care staff member for fourteen months when he was discharged for failing to report to work and failing to follow notification procedures regarding absences. Lafitte subsequently filed a claim for unemployment insurance benefits with the Louisiana Department of Labor, Office of Regulatory Services ("Department"). In response, RHI filed a notice alleging Lafitte's ineligibility for benefits, alleging a disqualifying separation and asserting he was fired for "repeated violations of agency policy and his refusal to meet with his supervisor to address these violations." After evaluating the claim, the Department determined that Lafitte was ineligible for benefits and sent him the following Notice of Claim Determination:
YOU WERE DISCHARGED FROM YOUR EMPLOYMENT BECAUSE YOU FAILED TO FOLLOW A REASONABLE REQUEST OF YOUR EMPLOYER/SUPERVISOR IN REGARD TO YOUR WORK. YOUR DISCHARGE WAS FOR MISCONDUCT CONNECTED WITH THE EMPLOYMENT.
Lafitte appealed the Department's denial of his claim to an administrative law judge ("ALJ") for the Office of Regulatory Services. A hearing was held before the ALJ at which Lafitte (participating via telephone), Ira Tieuel, Personnel Manager for the RHI, and Emma Brown, a childcare worker at RHI, testified. The ALJ made the following factual findings:
The claimant worked for the named employer from September 28, 2002 to November 30, 2003. He was a direct care staff member at $14,600.00 per year and *686 worked Friday through Tuesday, 11:00 p.m. to 7:00 a.m.
On November 25, 2003, the claimant was a no call/no show. On November 26, 2003, the personnel manager mailed a letter to the claimant, instructing him that he needed to appear for a meeting on December 1, 2003, at 9:00 a.m., to address the issue. The claimant received the letter and noted at the bottom that the personnel manager needed to get his facts straight. The claimant did not attend the meeting and did not notify the personnel manager that he would not attend. The personnel manager then went to the claimant's worksite where the claimant was to report at 11:00 p.m. The claimant called in at 11:20 p.m. to inform the employer that he was going to be late. The personnel manager got on the phone and asked the claimant how long it would be before he would be in. The claimant said that he would be in within the hour. The personnel manager then told the claimant that he was suspended until he contacted his office to meet with him concerning his failure to follow policies and procedures. The claimant asked the personnel manager what else they had to discuss that had not already been discussed, and asked the personnel manager who did he think he was. The manager told the claimant that he was talking with his supervisor and needed to refrain from using inappropriate language. The claimant did admit that he may have used inappropriate language, but did not remember what he said. The claimant asked if he was going to be fired, or if he still had a job. The manager told the claimant that he needed to come in a (sic) meet to discuss it. The claimant was told to call the manager's office by December 2, 2003. The claimant stated that he had nothing else to discuss. The employer told the claimant that he was suspended and the conversation ended.
When the employer did not hear from the claimant on December 2, 2003, the claimant was discharged effective December 3, 2003.
The ALJ rendered the following decision:
The testimony and evidence in this case indicates (sic) that the claimant was discharged for failing to attend a meeting with management. The claimant had no valid reason, nor would he offer the Administrative Law Judge a reason for not meeting with the manager. It must be assumed that the claimant did not have a valid reason for failing to attend the meeting. His actions demonstrate a standard of behavior beyond what an employer has a right to expect of an employee and a deliberate disregard for their interests. The Agency determination shall not be disturbed.
IT IS ORDERED that the Agency determination, which disqualified the claimant from benefits effective November 30, 2003, be affirmed.
Lafitte appealed the ALJ's decision to the Louisiana Board of Review which affirmed the decision. Lafitte thereafter filed a Petition for Judicial Review with the First Judicial District Court, which rendered a decision affirming the board's decision and denying Lafitte unemployment compensation benefits. Lafitte appealed.

Discussion
On appeal, Lafitte argues that the trial court erred in affirming the Board of Review's decision that his unexplained absence and subsequent refusal to meet with the personnel manager constituted misconduct under La. R.S. 23:1601. RHI asserts that Lafitte's absence without notice was a violation of the employer's policies and *687 procedures. In opposing the appeal, it contends that the violation, combined with Lafitte's subsequent refusal to comply with the employer's reasonable request to meet and discuss the matter, clearly constitute disqualifying misconduct.
Judicial review in unemployment proceedings is limited by La. R.S. 23:1634, which provides that "findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court (on appeal) shall be confined to questions of law." La. R.S. 23:1634(B). Based on this statutory provision, the jurisprudence has defined judicial review in cases such as this one as requiring a determination of whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the action taken. Banks v. Administrator, Dept. of Employment Security of the State of Louisiana, 393 So.2d 696 (La. 1981); Marchand v. Forster, 37,222 (La. App.2d Cir.6/25/03), 850 So.2d 941. Judicial review does not permit the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts. Marchand v. Forster, supra.
In this case, Lafitte was disqualified from receiving unemployment benefits pursuant to La. R.S. 23:1601(2)(a) which defines disqualifying misconduct as "mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others." This court has addressed the legislative definition of misconduct in unemployment compensation matters and concluded that "misconduct" requires either intentional wrongdoing or negligence to such an extent as to manifest culpability or a showing of intentional and substantial disregard of the employer's interest. Wood v. Louisiana Dept. of Employment Security, 25,545 (La.App.2d Cir.2/23/94), 632 So.2d 899; Hardeman v. Blache, 605 So.2d 671 (La. App. 2d Cir.1992); Lowery v. Whitfield, 521 So.2d 815 (La.App. 2d Cir.1988); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985).
Because of the remedial purpose of unemployment compensation, the term "misconduct" should be construed so as to favor the awarding of benefits rather than disqualification. Wood, supra. Furthermore, in cases where the employer seeks to deny unemployment compensation benefits to an employee because of misconduct, the burden of proof as to such misconduct is upon the employer. Banks, supra. The evidence supporting the factual findings must be legal and competent. Banks, supra.
The pertinent facts in the present case are not in dispute. Lafitte did not deny that he was a no call/no show on November 25, 2003. The record reflects that the employer's policies and procedures required employees to advise the employer at least four hours in advance if they were going to be unable to report to work. Lafitte also acknowledged that he received a letter from the personnel manager requesting his presence in his office on the morning of December 1, 2003, to discuss the policy violation. The record indicates and Lafitte admits that he replied by writing the phrase "Get your facts strait! (sic)" on the letter. He did not attend the meeting and did not notify the personnel manager that he would not attend. That same evening, the personnel manager went to meet Lafitte at the beginning of his 11:00 p.m. shift. Lafitte did not report to work on time and called in about 20 minutes into his shift to report that he would *688 be late. When the personnel manager demanded a meeting with Lafitte the following morning, Lafitte declined. He refused to give the ALJ any reason why he was unable to attend the various meetings requested by the personnel manager.
The issue in this case is whether Lafitte's actions constituted misconduct pursuant to La. R.S. 23:1601(2)(a). An unexcused absence from work, and a failure to timely notify the employer, can be disqualifying misconduct if a wrongful intent is established. Carter v. Blache, 476 So.2d 873 (La.App. 2d Cir.1985); Gunderson v. Libbey Glass, 412 So.2d 656 (La. App. 2d Cir.1982); Jones v. Truly, 95-848 (La.App. 5th Cir.2/14/96), 670 So.2d 1294, writ denied, 96-648 (La.5/3/96), 672 So.2d 697. Furthermore, an employee's failure to follow a direct order of his supervisor can constitute misconduct which would disqualify a claimant from receiving unemployment compensation benefits. Giss v. Sumrall, 409 So.2d 1227 (La.App. 2d Cir. 1981); Gallien v. Administrator, Office of Employment Security, Dept. of Labor, 511 So.2d 70 (La.App. 3d Cir.6/26/87).
After reviewing the transcript and considering the factors surrounding Lafitte's discharge, we find that the employer in this case fulfilled its burden of showing misconduct. RHI presented sufficient evidence that Lafitte intentionally failed to comply with the policies and reasonable requests of the employer, and that his actions were detrimental to the employer's interests.
As an organization providing youth care, RHI's notification policies are intended to protect against understaffed shifts which could prove unsafe to the children being cared for. Lafitte's actions in violation of this policy and his unrepentant and insubordinate attitude regarding the employer's attempt at remedial action unequivocally support the ALJ's finding of disqualifying misconduct. Accordingly, we find that the evidence was sufficient to support the finding that Lafitte's policy violations and subsequent refusal to meet with his supervisor fall within the definition of misconduct.

Conclusion
For the foregoing reasons, we find that competent evidence supports the findings of the ALJ, which were affirmed by the Board of Review. Therefore, the judgment of the district court upholding the Board of Review's denial of unemployment compensation benefits to Lafitte is affirmed. Costs of this appeal are to be borne by the appellant.
AFFIRMED.